UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. THORNTON,
(d/b/a Baby Boomer Headquarters)
an individual,

    Plaintiff,

vs.

CASE NO.: 8:06-cv-1640-T27-TGW

J JARGON CO.,
a Florida corporation, and
JEANETTE C. LINDERS,
an individual,

    Defendant.
_____/

## PROTECTIVE ORDER

It appearing that certain information, documents and things of the parties subject to discovery in this action may be claimed to be confidential, including, by way of example and not limitation, financial, marketing, technical, licensing, research and development or other commercial information (hereinafter collectively referred to as "Confidential Information"):

Now, therefore, in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding such claims of confidential information, the parties have agreed to provide access to and to accept such information, documents and things, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED by the attorneys for the parties, subject to the approval of the Court, that:

1. <u>Applicability</u>. This Stipulation and Protective Order shall apply to all information supplied during discovery, in any form, which shall be designated by any party, or third party producing such information who agrees to be bound by the terms of this Stipulation and Protective Order, as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the time of production, or subsequent to production as provided herein. When a provision of this Stipulation and Protective Order refers to a party to this action, it also refers to any third party who agrees to be bound by the terms of this Stipulation and Protective Order.

2. <u>"CONFIDENTIAL" Material:</u>

(a) Any party to this action may designate as "CONFIDENTIAL" any material or testimony containing information that is not publicly available.

(b) Any information, regardless of the form, that is designated as "CONFIDENTIAL" by any party, shall be maintained under strict confidence by trial counsel retained by the parties herein and, other than trial counsel for the parties, shall be disclosed and used only for the purpose of this action to the following:

    (i) the Court and its officers;

    (ii) persons who are members or employees of trial counsel for the parties, and firms engaged by trial counsel to provide litigation support services and the employees of such firms, who are engaged in the preparation for and the trial of this action;

    (iii) court reporters covered by Paragraph 7;

(iv) experts or consultants for the parties, pursuant to the terms of Paragraph 10;

(v) witnesses or deponents whose testimony is reasonably related to the confidential information being disclosed to him, provided that each such witness or deponent signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving the confidential information, documents or things; and

(vi) any person who authored or received the confidential information prior to the commencement of litigation.

Notwithstanding the foregoing, disclosure to others may be made upon the receipt of the prior written consent of the party producing the information, or upon prior Order of the Court, and provided that the recipients comply with the terms of Paragraph 10.

3. "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material:

(a) Any party may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" that party's trade secrets, including non-public customer lists, marketing or competitive strategies, analysis or projections, financial information, royalty information, contracts and any other information the producing party determines in good faith should be so designated.

(b) Any information, regardless of the form, that is designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any party shall be maintained under strict confidence by trial counsel retained by the parties herein and, other than such trial counsel for the parties, shall be disclosed and used only for the purpose of this action to the following:

(i) the Court and its officers;

(ii) persons who are members or employees of trial counsel for the parties and firms engaged by counsel for the parties to provide litigation support services and the employees of such firms, who are engaged in the preparation for and the trial of this action;

(iii) court reporters covered by Paragraph 7; and

(iv) experts or consultants for the parties, pursuant to the terms of Paragraph 10, so long as the expert or consultant is not an employee or officer of the party, a former employee or officer of the party, or otherwise has a prior relationship with the party.

Notwithstanding the foregoing, disclosure to others may be made upon the receipt of the prior written consent of the party or person producing the information, or upon prior Order of the Court, and provided that the recipients comply with the terms of Paragraph 10.

4. Manner of Designation of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEY'S EYES ONLY" Material:

Designation pursuant to Paragraphs 2 and 3, above, shall be accomplished by employing the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as follows:

(a) In the case of documents, the appropriate legend shall be placed on every page of the document prior to its production.

(b) In the case of information incorporated in other written discovery (i.e., answers to interrogatories, requests for admissions), the appropriate legend shall be placed on the written discovery, and such "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" material shall be separately produced.

(c) In the case of material revealed during a deposition, designation of the portions of the transcript (including exhibits) shall be made by a statement to that effect on the record by counsel for the party whose material is being disclosed, and the reporter attending such deposition shall thereafter bind separately the original transcript and any copies containing such material bearing the appropriate legend on the covers and every page thereof.  To the extent that such designations are not made on the record, counsel shall have thirty (30) days from the receipt of the transcript to make such designations, and to provide to opposing counsel a list, by page and line number of the portions of the transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, or copies of the pages so designated.  For such thirty (30) day period, or until such designation is made, whichever is earlier, the entire transcript shall be treated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material.

    5.    <u>Designation or Re-designation of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material Subsequent to Production:</u>

Any producing party may designate or re-designate under Paragraphs 2 or 3, above, any material produced within thirty (30) days of the production thereof, provided that such subsequent designation or re-designation shall be effective only as of the date of

such designation or re-designation. Subsequent designation or re-designation shall be accomplished by notifying each party in writing of such re-designation. Upon such subsequent designation or re-designation, the documents designated or re-designated shall be treated as such and all persons having access to or possession of documents that have been subsequently designated or re-designated shall be advised of such subsequent designation or re-designation, and the party receiving such subsequent designation or re-designation shall take all steps necessary to obtain any newly-designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material from all persons who no longer are permitted to have access to such material under this Stipulation and Protective Order.

6. Filing of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material in Court:

(a) CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY materials shall be filed with the Court under seal after receiving judicial approval as described in Local Rule 1.09 and according to the rules established by the Court only if such filing is necessary for purposes of trial, motions for summary judgment, other motions, or appeals. All information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be filed with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or container, the identity of the party filing the materials, the statement "CONFIDENTIAL-

SUBJECT TO CONFIDENTIALITY ORDER," and a statement substantially in the following form:

> This envelope (container) contains documents (things) subject to a Stipulation and Protective Order entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by written Order of the Court.

(b) In the event that any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material is used in any Court proceeding in connection with this litigation, it shall not lose its protection under this Stipulation and Protective Order through such use.

7. <u>Use of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material in Depositions and Hearings:</u>

Whenever information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is to be discussed or disclosed in a deposition or other hearing or proceeding, any party who has produced such material may require the exclusion from the room of any person who is not entitled to receive such material under this Stipulation and Protective Order. A deposition witness may be shown "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material by an attorney when conducting the examination of that witness under the following conditions without any waiver of its confidential status:

(a) any witness may be shown a document in which the witness is identified as a signatory, author, addressee or recipient of a copy;

(b) a current officer, director, or employee of a party or other witness designated by a party may be shown any document designated by that party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY";

(c) a former officer, director or employee of a party may be shown a document designated by that party as "CONFIDENTIAL" if it appears from the face of the document that the witness previously had access to the document while employed by the party, provided that the witness agrees on record before looking at the document that he or she will hold in confidence and will not disclose the information contained in the document;

(d) any party's expert or consultant that has been approved pursuant to Paragraph 10 below may be shown "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material; and

Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record, before recording or transcribing any such testimony constituting "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, that all such testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the trial counsel for each party, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or transcriber or shall be delivered to the undersigned attorneys.

8. "Use of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material For Action Only:

(a) Any person receiving information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to disclosure or discovery in this matter shall make no use of such information directly or indirectly, except for the purposes of the preparation for the trial and the trial of this action, and any subsequent appeal. In no event shall any person receiving information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" use it for commercial or competitive purposes or make any public disclosure of the contents thereof. The provisions of this paragraph shall survive final termination of this action.

(b) Nothing contained in this Stipulation and Protective Order should be construed as prohibiting disclosure of a document containing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" material to the author of the document, disclosure of testimony containing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material to the witness who gave the testimony, or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material to the third party, person, firm, corporation or other entity from which the document or thing or testimony containing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material originated.

9. Objections to "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Designations:

Any party may object at any time to the propriety of the designation of specific material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by serving a written objection on the producing party after being notified of such designation. If the objecting party and the producing party are subsequently unable to agree, the objecting party shall be free to move the Court for an Order removing the disputed designation. The material in issue shall continue to be treated as designated until order of the Court or written agreement between counsel for the parties, and, if applicable, the third party producing party, whichever shall occur first.

10. Disclosure of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material:

(a) Experts or Consultants:

(i) "CONFIDENTIAL" material may be given to an expert or consultant provided that such expert or consultant first signs an agreement (in the form of Exhibit A to this Stipulation and Protective Order) that the expert or consultant has read this Stipulation and Protective Order, agrees to be bound by all terms and conditions of this Stipulation and Protective Order, and expressly submits to the jurisdiction of this Court for enforcement purposes. A copy of such signed agreement shall be retained by the applicable Trial Counsel.

(ii) At least five (5) days before any person covered in Paragraph 3(b)(iv) above shall receive information designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the opposing party or a third party, the party proposing such disclosure (the "Proposing Party") shall submit in writing, and by facsimile

transmission (with original sent by First Class Mail) to the opposing party and, if applicable the producing third party, the following information: the name, curriculum vitae, and complete information about the person's prior relationships to any party to this matter.

If the opposing party or if applicable the producing third party (the "Objecting Party") objects to the submission of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to such person, the Objecting Party shall notify counsel for the Proposing Party in writing and by facsimile transmission (with original sent by First Class Mail), within such five (5) day period. If an objection is properly made, disclosure of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to an expert or consultant shall be deferred pending a ruling of the Court or written agreement between the Proposing and the Objecting parties, whichever occurs first.

In the absence of objection, "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information may be given to such expert or consultant provided that such expert or consultant first signs an agreement (in the form of Exhibit A to this Stipulation and Protective Order) that the expert or consultant has read this Stipulation and Protective Order, agrees to be bound by all terms and conditions of this Stipulation and Protective Order, and expressly submits to the jurisdiction of this Court for enforcement purposes. A copy of such signed agreement shall be promptly provided to all Trial Counsel of record.

(b) A copy of this Stipulation and Protective Order shall be given to each person (other than counsel, their associated attorneys and persons employed by counsel in

paraprofessional, clerical, stenographic or ministerial positions) who will receive material designated under Paragraphs 2 and/or 3 before being shown such material, and each such person shall be expressly advised that such material shall not be used or further disclosed contrary to the terms of this Stipulation and Protective Order. In addition, each such person shall agree in writing, in the form annexed hereto as Exhibit A, to be bound by the provisions of this Stipulation and Protective Order, before being shown such material.

(c) Nothing in this Stipulation and Protective Order shall act to prevent a party from using any "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information during depositions, in connection with papers filed with the Court, or at trial, provided the provisions of this Stipulation and Protective Order are complied with. However, if use is made of such information, only persons permitted to have access to "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information under this Stipulation and Protective Order shall be present, and the transcript of such portions of the proceedings wherein said use is made shall be maintained secret.

(d) Nothing in this Stipulation and Protective Order shall act to restrict any party's ability to use any of its own "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information in any way.

11. <u>Storage and Copying of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials</u>:

All material marked CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY must be stored in the office of trial counsel of record as document custodian. No photocopies may be made of material marked CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, with the exception that trial counsel of record are entitled to make copies for internal use in connection with the above-captioned matter or to attach to pleadings pursuant to the terms of section 6 of this Stipulation and Protective Order.

12. <u>No Waiver or Acknowledgment:</u>

Nothing contained in this Stipulation and Protective Order shall be construed as: (a) a waiver by a party or person of its right to object to the subject matter of any discovery request; (b) an agreement by any party or person to produce documents, supply information or permit entry upon land, (c) an admission that any evidence exists or that evidence which may exist is relevant in any way to the issues; (d) a waiver of any privilege; or (e) an acknowledgment by a party of the appropriateness of any confidentiality designation made by an opposing party. Neither party shall be obligated to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation and the failure to do so shall not preclude a later challenge to the propriety of such designation.

13. <u>Treatment of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material After Termination of Action:</u>

Within sixty (60) days of the final termination of this action, including appeals, if any, each party is obligated to return to the producing party all documents or other

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials previously furnished, including any copies thereof, and each person or party to whom such documents have been furnished or produced shall also be obligated to return the same, including any copies thereof, to the producing party.

14. <u>Other Provisions:</u>

(a) This Stipulation and Protective Order involves only the relative rights and obligations of the parties as to the confidentiality of any information disclosed, or documents supplied, in these actions. This Stipulation and Protective Order does not abrogate or diminish any contractual, statutory or other legal obligation or right of any party with respect to any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material.

(b) The provisions of this Stipulation and Protective Order shall remain in effect after the conclusion of this action.

(c) Nothing in this Stipulation and Protective Order shall operate to prejudice the rights of any party to seek enlargement, restriction or other modification of the rights or access to and/or use of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, and/or the procedure for handling same by agreement and/or by application to the Court. However, the provisions of this Stipulation and Protective Order shall apply to each item of information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" until otherwise agreed in writing by Trial Counsel for the parties and/or until the Court orders to the contrary.

(d) In the event anyone shall violate or threaten to violate any terms of this Stipulation and Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulation and Protective Order. The parties hereto and any other persons agreeing to be subject to this Stipulation and Protective Order agree that the Court shall exercise jurisdiction over it and them solely for the purpose of enforcing the terms hereof and such agreement to be subject to this Stipulation and Protective Order shall not constitute consent to the personal jurisdiction of this Court for any other purpose.

15. <u>Prior Obligations of Confidentiality</u>

Each party acknowledges that the other party may have in place binding agreements that restrict the disclosure of certain information or documents absent a court order. The parties agree this Stipulation and Protective Order does not address such restricted documents and information. The parties further agree that if one party seeks the disclosure of documents or information protected by a prior agreement of confidentiality, the parties will submit the matter to the Court for an order governing the disclosure of such restricted documents or information however nothing herein nor any submission to the Court hereunder shall constitute a conclusion that such restricted documents or information is discoverable or a waiver of any privilege applicable to such restriction documents or information.

16. <u>Notice</u>

Wherever the provisions of this Stipulation and Protective Order require or permit notice to be given, notice shall be given as follows:

 a. For Plaintiff, John J. Thornton.:

> William F. Hamilton
> Stefan V. Stein
> Michael J. Colitz, III
> Holland & Knight, LLP
> Suite 1400
> 100 N. Tampa Street
> Tampa, FL 33602
> 813-227-8500 (phone)
> 813-229-0134 (fax)
> william.hamilton@hklaw.com
> stefan.stein@hklaw.com
> michael.colitz@hklaw.com

 b. For Defendants, J. Jargon Co. and Jeanette C. Linders:

> G. Donovan Conwell, Jr.
> G. Wrede Kirkpatrick
> Dineen Pashoukos Wasylik
> Conwell Sukhia & Kirkpatrick, P.A.
> 2701 North Rocky Point Drive, Suite 1200
> Tampa, FL 33603
> 813-282-8000 (phone)
> 813-282-8800 (fax)
> dconwell@csklawfirm.com
> wkirkpatrick@csklawfirm.com
> dwasylik@csklawfirm.com

Respectfully Submitted:

/s/ Michael J. Colitz, III  /s/ Dineen Pashoukos Wasylik
William F. Hamilton  G. Donovan Conwell, Esq.
Florida Bar No. 379875  Florida Bar No: 371319
Stefan V. Stein  G. Wrede Kirkpatrick
Florida Bar No. 300527  Florida Bar No. 0984116
Michael J. Colitz, III  Dineen Pashoukos Wasylik
Florida Bar No. 0164348  Florida Bar No. 0191620
Holland & Knight, LLP  CONWELL SUKHIA & KIRKPATRICK, P.A.
Suite 1400
100 N. Tampa Street  2701 North Rocky Point Drive, Suite 1200
Tampa, FL 33602  Tampa, FL 33607
813-227-8500 (phone)  (813) 282-8000 (Phone)
813-229-0134 (fax)  (813) 282-8800 (Facsimile)
william.hamilton@hklaw.com  dconwell@csklawfirm.com
stefan.stein@hklaw.com  wkirkpatrick@csklawfirm.com
michael.colitz@hklaw.com  dwasylik@csklawfirm.com

Attorney for Plaintiff  Attorney for Defendants

Date:__3/26/07_____  Date:__3/26/07_____


So Ordered this ___ day of _____ 2007:

_____
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. THORNTON,
(d/b/a Baby Boomer Headquarters)
an individual,

      Plaintiff,

vs.                              CASE NO.: 8:06-cv-1640-T27-TGW

J JARGON CO.,
a Florida corporation, and
JEANETTE C. LINDERS,
an individual,

      Defendant.
_____/

I, _____, hereby acknowledge that I have read the Confidentiality Order in the above-styled action, that I understand the terms thereof, that I agree to be bound by such terms, and that I agree to submit to the Jurisdiction of the District Court, Middle District of Florida for purposes of enforcing the Stipulation and Protective Order.

      This _____ day of _____, 2007.

                                                      _____
                                                      Signature

                                                      Address:
                                                      _____

                                                      _____

**EXHIBIT "A"**

# 4348638_v3