UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| JOHN J. THORNTON | : | |
| (d/b/a Baby Boomer Headquarters) | : | |
| an individual | : | |
| | : | Case No. 8:06-cv-01640 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| J JARGON CO., a Florida corporation | : | |
| JEANETTE C. LINDERS, an individual; and | : | |
| TOC PRODUCTIONS, INC., a Florida corporation. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS AND DOCUMENT PRODUCTION AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed. R. Civ. P. 37(a) and M.D. Fla. L.R. 3.04(a), Plaintiff John J. Thornton ("Thornton") hereby requests entry of an order compelling Defendants J Jargon Co. and Jeanette C. Linders ("Defendants")[1] to fully respond to certain interrogatories and document production requests. Thornton respectfully seeks all available expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(4)(A), including attorneys' fees and costs. As grounds for this motion, Thornton states as follows.

## BACKGROUND

Defendants' successful play entitled *Menopause the Musical* (the "Musical") has run at playhouses around the globe. As is customary when attending such a play, patrons expect a program when they arrive, and Defendants' Musical is no different in this regard. The

---

[1] TOC Productions, Inc. ("TOC") has recently been added to this litigation, *see* Docket No. 42. As such, no discovery requests have yet been served on TOC. Jargon and Linders are the only Defendants Plaintiff seeks to compel discovery from through the instant motion.

programs distributed at the Musical, however, have contained a nearly verbatim copy of Thornton's copyrighted "Take the Age Test" (the "Test").  The Test, just like the Musical, is directed towards entertaining the baby boomer generation.  The Test's inclusion in Defendants' programs provided value to the Defendants.  It is this plagiarism of Thornton's Test that is the heart of this lawsuit.

Over five months ago, Plaintiff's First Set of Requests for Production and First Set of Interrogatories were served on December 20, 2006.  On January 18, 2007, Plaintiff granted Defendants a two week extension to respond to these requests.  On February 5, 2007, Plaintiff agreed to another extension, allowing Defendants more time to respond.  On February 7, Defendants submitted their first response to both the interrogatories and the document production requests.  On February 8, 2007, Defendants amended their response to the interrogatories.

In the beginning of February, 2007, Thornton served 11 third-party subpoenas on playhouses where the Musical had performed.  On March 15, 2007 Defendants moved this Court for a protective order, hoping to quash these third-party subpoenas.  On April 16, 2007, the Court denied Defendants' motion.

Meanwhile, on April 6, 2007 Plaintiff notified Defendants of numerous deficiencies in their discovery responses.  Defendants have been completely non-responsive to many of Plaintiff's outstanding discovery requests.  On April 6, 2007, Plaintiff set April 13, 2007 as the deadline for Defendants to provide supplemental interrogatories and document production.  This deadline was not met.  Three days later, on April 16, 2007, Defendants emailed Plaintiff indicating Defendants would provide a "substantive answer" by April 20.  This deadline was ignored as well.

On April 23, 2007, Plaintiff again brought this deficiency to Defendants' attention and demanded discovery as soon as possible. On April 25, 2007, Defendants' counsel responded by voice mail, indicating a written response would be provided by April 26, 2007. April 26 came and went without any response whatsoever.

On May 11, 2007, Plaintiff filed the original version of this Motion to Compel. [Docket. No. 40]. On May 29, 2007, the Court denied this motion without prejudice for failing to comply with Local Rule 3.04(a). [Docket No. 43]. On May 17, 2007, Defendants supplemented some of their response. While Defendants recognize that their confidentiality objections have been alleviated by the Protective Order [Docket No. 27], there are still numerous deficiencies that Defendants must be compelled to remedy.

## DISCOVERY REQUESTS AND RESPONSES AT ISSUE

### INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all Playhouses where the Musical has been performed, including when the Musical was performed, how many times the Musical was performed at each Playhouse, how many tickets were sold at each Playhouse, how much revenue was received by Defendants at each Playhouse, and whether or not the Test was distributed to patrons at each performance.

Response to Interrogatory 1: Objection, the interrogatory is overly broad and unduly burdensome. Objection, the interrogatory is not limited to the time period of three (3) years prior to the filing of the complaint. Additionally, the request as drafted requests irrelevant information and is not reasonably calculated to lead to admissible evidence, particularly the request for the number of tickets sold and the revenue received for each playhouse. Subject to and without waiving said objections, the Musical has been performed in the following venues:

| US Cities Open | Theatre | Opening Date | Closing Date | Age Test in Program? |
|---|---|---|---|---|
| Atlanta, Georgia | Stage Two Theatre | 9/7/2006 | 1/21/2007 | yes |
| East Lansing, Michigan | Wharton Center | 1/21/2007 | 1/21/2007 | no |
| Grand Rapids, Michigan | New Circle Theatre | 1/4/2007 | 1/14/2007 | no |
| Jacksonville, Florida | Times Union CPA | 9/13/2006 | 1/28/2007 | no |
| Las Vegas, Nevada | Shimmer Cabaret | 2/1/2006 | | no |
| Orlando, Florida | Plaza Theatre | 9/19/2006 | | yes |
| Philadelphia, Pennsylvania | Society Hill Playhouse | 9/13/2006 | | yes |
| Portland, Oregon | Portland CPA | 5/17/2006 | | no |
| San Francisco, California | Theatre 39 | 4/12/2005 | | yes |
| Seattle, Washington | The Bullitt Theatre | 10/11/2006 | | yes |
| St. Louis, Missouri | Playhouse at West Port | 3/8/2006 | | yes |
| Saginaw., Michigan | Temple Theatre | 1/17/2007 | 1/18/2007 | no |
| Toledo, Ohio | Lois Nelson Theatre | 1/24/2007 | 1/28/2007 | no |
| Atlanta, Georgia | 14th Street Playhouse | 5/11/2005 | 8/27/2006 | yes |
| Baltimore, Maryland | | 10/7/2003 | 5/2/2004 | still researching |
| Brea, California | | 9/11/2003 | 9/21/2003 | yes |
| Boston, Massachusetts | Stuart Street Playhouse | 3/31/2004 | 5/21/2006 | no |
| Charlotte, North Carolina | | 3/2/2004 | 3/7/2004 | still researching |

| | | | | |
|---|---|---|---|---|
| Charlotte, North Carolina | Capri Theatre | 5/18/2005 | 10/30/2005 | yes |
| Chicago, Illinois | Apollo Theatre | 7/27/2003 | 11/19/2006 | yes |
| Cincinnati, Ohio | | 1/13/2004 | 1/25/2004 | still researching |
| Cleveland, Ohio | 14th Street Theatre | 4/16/2004 | 2/26/2006 | yes |
| Concord, New Hampshire | Capitol Center for the Arts | 10/24/2006 | 10/26/2006 | no |
| Coral Gables, Florida | | 12/9/2003 | 3/28/2004 | yes |
| Danville, Kentucky | Norton Center for the Arts | 4/4/2006 | 4/9/2006 | no |
| Denver, Colorado | Denver Civic Theatre | 6/15/2004 | 2/12/2006 | yes |
| Des Moines, Iowa | Des Moines Playhouse | 10/8/2004 | 2/13/2005 | yes |
| Detroit, Michigan | Gem Theatre | 3/17/2004 | 12/17/2006 | yes |
| Easton, Pennsylvania | State Theatre | 8/19/2004 | 8/22/2004 | no |
| Easton, Pennsylvania | State Theatre | 8/16/2005 | 8/20/2005 | no |
| Easton, Pennsylvania | State Theatre | 9/27/2006 | 10/1/2006 | no |
| Fort Lauderdale, Florida | | 4/27/2003 | 11/30/2003 | yes |
| Fort Lauderdale, Florida | Miniaci PAC | 11/10/2004 | 4/10/2005 | yes |
| Fort Smith, Arkansas | Fort Smith Conv. Center | 9/17/2004 | 9/18/2004 | no |
| Franklin, Pennsylvania | Barrow Civic Theatre | 10/11/2006 | 10/14/2006 | no |
| Grand Rapids, Michigan | New Circle Theatre | 1/4/2007 | 1/14/2007 | no |
| Hanover, Pennsylvania | Eiichelberger PAC | 10/4/2006 | 10/5/2006 | no |

| | | | | |
|---|---|---|---|---|
| Harrisburg, Pennsylvania | Whitaker Center | 8/9/2005 | 8/14/2005 | no |
| Hot Springs, Arkansas (FR) | Hot Springs Conv. Center | 5/15/2004 | 5/16/2004 | no |
| Indianapolis, Indiana | American Caberat Theatre | 3/15/2005 | 3/12/2006 | yes |
| Jacksonville, Florida | | 6/8/2004 | 6/20/2004 | still researching |
| Jupiter, Florida | Maltz Jupiter Theatre | 7/28/2006 | 9/10/2006 | no |
| Kansas City, Kansas | | 3/14/2004 | 6/27/2004 | no |
| Kansas City, Missouri | American Heartland Th. | 6/16/2006 | 10/29/2006 | yes |
| Lakeland, Florida (FR) | Polk Theatre | 5/17/2006 | 5/18/2006 | no |
| Los Angeles, California | Coronet Theatre | 11/2/2003 | 3/12/2006 | yes |
| Lowell, Massachusetts | Lowell Auditorium | 11/15/2006 | 11/18/2006 | no |
| Milwaukee, Wisconsin | Vogel Hall | 3/7/2006 | 4/30/2006 | yes |
| New Haven Connecticut | Long Wharf Theatre | 5/31/2006 | 9/24/2006 | no |
| New York, New York | Playhouse 91 | 10/22/2002 | 5/14/2006 | no |
| Norfolk, Virginia | | 10/7/2003 | 5/2/2004 | still researching |
| Ogunquit, Maine | Ogunquit Playhouse | 8/29/2006 | 10/8/2006 | no |
| Oklahoma City, Oklahoma | The Little Freede Theatre | 6/23/2006 | 7/23/2006 | no |
| Orlando, Florida | Darden Adventure Theatre | 8/17/2003 | 5/30/2004 | yes |
| Orlando, Florida | Darden Adventure Theatre | 9/26/2004 | 5/22/2005 | yes |
| Orlando, Florida | Darden Adventure Theatre | 9/13/2005 | 5/7/2006 | yes |
| Philadelphia, Pennsylvania | Society Hill Playhouse | 9/28/2004 | 8/6/2006 | yes |

| | | | | |
|---|---|---|---|---|
| Providence, Rhode Island | | 4/6/2004 | 5/2/2004 | still researching |
| Redondo Beach, California | | 10/5/2004 | 10/17/2004 | still researching |
| Richmond, Virginia | | 6/3/2003 | 6/8/2003 | still researching |
| Sarasota, Florida | The Asolo Theatre | 5/14/2005 | 6/12/2005 | still researching |
| Scottsdale, Arizona | | 6/25/2003 | 7/6/2003 | yes |
| Scottsdale, Arizona | | 1/25/2004 | 9/19/2004 | yes |
| Scottsdale, Arizona | | 1/10/2006 | 3/26/2006 | yes |
| Seattle, Washington | ACT Theatre | 9/29/2005 | 7/2/2006 | yes |
| Springfield, Massachusetts | | 2/24/2004 | 3/7/2004 | still researching |
| Springfield, Massachusetts | City Stage | 10/31/2006 | 11/12/2006 | no |
| St. Paul, Minnesota | The O'Shaughnessy | 3/15/2005 | 3/20/2005 | no |
| Syracuse, New York | Syracuse Stage | 5/12/2006 | 7/30/2006 | yes |
| Tampa, Florida | Jaeb Theatre | 5/19/2006 | 9/10/2006 | yes |
| Upland, California | The Grove Theatre | 4/12/2006 | 11/19/2006 | yes |
| York, Pennsylvania | | 9/23/2003 | 9/27/2003 | yes |

Defendants supplemented this table the following day as follows:

| | | | | |
|---|---|---|---|---|
| Atlanta, Georgia | Stage Two Theatre | 9/7/2006 | 1/21/2007 | yes |
| East Lansing, Michigan | Wharton Center | 1/21/2007 | 1/21/2007 | no |
| Grand Rapids, Michigan | New Circle Theatre | 1/4/2007 | 1/14/2007 | no |
| Jacksonville, Florida | Times Union CPA | 9/13/2006 | 1/28/2007 | no |

| Las Vegas, Nevada | Shimmer Cabaret | 2/1/2006 | | no |
|---|---|---|---|---|
| Orlando, Florida | Plaza Theatre | 9/19/2006 | | yes |
| Philadelphia, Pennsylvania | Society Hill Playhouse | 9/13/2006 | | yes |
| Portland, Oregon | Portland CPA | 5/17/2006 | | no |
| San Francisco, California | Theatre 39 | 4/12/2005 | | yes |
| Seattle, Washington | The Bullitt Theatre | 10/11/2006 | | yes |
| St. Louis, Missouri | Playhouse at West Port | 3/8/2006 | | yes |
| Saginaw, Michigan | Temple Theatre | 1/17/2007 | 1/18/2007 | no |
| Toledo, Ohio | Lois Nelson Theatre | 1/24/2007 | 1/28/2007 | no |
| Atlanta, Georgia | 14th Street Playhouse | 5/11/2005 | 8/27/2006 | yes |
| Brea, California | | 9/11/2003 | 9/21/2003 | yes |
| Boston, Massachusetts | Stuart Street Playhouse | 3/31/2004 | 5/21/2006 | no |
| Charlotte, North Carolina | Capri Theatre | 5/18/2005 | 10/30/2005 | yes |
| Chicago, Illinois | Apollo Theatre | 7/27/2003 | 11/19/2006 | yes |
| Cleveland, Ohio | 14th Street Theatre | 4/16/2004 | 2/26/2006 | yes |
| Concord, New Hampshire | Capitol Center for the Arts | 10/24/2006 | 10/26/2006 | no |
| Coral Gables, Florida | | 12/9/2003 | 3/28/2004 | yes |
| Danville, Kentucky | Norton Center for the Arts | 4/4/2006 | 4/9/2006 | no |
| Denver, Colorado | Denver Civic Theatre | 6/15/2004 | 2/12/2006 | yes |
| Des Moines, Iowa | Des Moines Playhouse | 10/8/2004 | 2/13/2005 | yes |

| | | | | |
|---|---|---|---|---|
| Detroit, Michigan | Gem Theatre | 3/17/2004 | 12/17/2006 | yes |
| Easton, Pennsylvania | State Theatre | 8/19/2004 | 8/22/2004 | no |
| Easton, Pennsylvania | State Theatre | 8/16/2005 | 8/20/2005 | no |
| Easton, Pennsylvania | State Theatre | 9/27/2006 | 10/1/2006 | no |
| Fort Lauderdale, Florida | | 4/27/2003 | 11/30/2003 | yes |
| Fort Lauderdale, Florida | Miniaci PAC | 11/10/2004 | 4/10/2005 | yes |
| Fort Smith, Arkansas | Fort Smith Conv. Center | 9/17/2004 | 9/18/2004 | no |
| Franklin, Pennsylvania | Barrow Civic Theatre | 10/11/2006 | 10/14/2006 | no |
| Grand Rapids, Michigan | New Circle Theatre | 1/4/2007 | 1/14/2007 | no |
| Hanover, Pennsylvania | Eiichelberger PAC | 10/4/2006 | 10/5/2006 | no |
| Harrisburg, Pennsylvania | Whitaker Center | 8/9/2005 | 8/14/2005 | no |
| Hot Springs, Arkansas (FR) | Hot Springs Conv. Center | 5/15/2004 | 5/16/2004 | no |
| Indianapolis, Indiana | American Caberat Theatre | 3/15/2005 | 3/12/2006 | yes |
| Jupiter, Florida | Maltz Jupiter Theatre | 7/28/2006 | 9/10/2006 | no |
| Kansas City, Kansas | | 3/14/2004 | 6/27/2004 | no |
| Kansas City, Missouri | American Heartland Th. | 6/16/2006 | 10/29/2006 | yes |
| Lakeland, Florida (FR) | Polk Theatre | 5/17/2006 | 5/18/2006 | no |
| Los Angeles, California | Coronet Theatre | 11/2/2003 | 3/12/2006 | yes |
| Lowell, Massachusetts | Lowell Auditorium | 11/15/2006 | 11/18/2006 | no |
| Milwaukee, Wisconsin | Vogel Hall | 3/7/2006 | 4/30/2006 | yes |

| New Haven, Connecticut | Long Wharf Theatre | 5/31/2006 | 9/24/2006 | no |
|---|---|---|---|---|
| New York, New York | Playhouse 91 | 10/22/2002 | 5/14/2006 | no |
| Norfolk, Virginia | | 10/7/2003 | 5/2/2004 | still researching |
| Ogunquit, Maine | Ogunquit Playhouse | 8/29/2006 | 10/8/2006 | no |
| Oklahoma City, Oklahoma | The Little Freede Theatre | 6/23/2006 | 7/23/2006 | no |
| Orlando, Florida | Darden Adventure Theatre | 8/17/2003 | 5/30/2004 | yes |
| Orlando, Florida | Darden Adventure Theatre | 9/26/2004 | 5/22/2005 | yes |
| Orlando, Florida | Darden Adventure Theatre | 9/13/2005 | 5/7/2006 | yes |
| Philadelphia, Pennsylvania | Society Hill Playhouse | 9/28/2004 | 8/6/2006 | yes |
| Richmond, Virginia | | 6/3/2003 | 6/8/2003 | still researching |
| Sarasota, Florida | The Asolo Theatre | 5/14/2005 | 6/12/2005 | still researching |
| Scottsdale, Arizona | | 6/25/2003 | 7/6/2003 | yes |
| Scottsdale, Arizona | | 1/25/2004 | 9/19/2004 | yes |
| Scottsdale, Arizona | | 1/10/2006 | 3/26/2006 | yes |
| Seattle, Washington | ACT Theatre | 9/29/2005 | 7/2/2006 | yes |
| Springfield, Massachusetts | City Stage | 10/31/2006 | 11/12/2006 | no |
| St. Paul, Minnesota | The O'Shaughnessy | 3/15/2005 | 3/20/2005 | no |
| Syracuse, New York | Syracuse Stage | 5/12/2006 | 7/30/2006 | yes |
| Tampa, Florida | Jaeb Theatre | 5/19/2006 | 9/10/2006 | yes |
| Upland, California | The Grove Theatre | 4/12/2006 | 11/19/2006 | yes |

| York, Pennsylvania | | 9/23/2003 | 9/27/2003 | yes |
|---|---|---|---|---|

Statement of why Defendants must be compelled to respond: Defendants have not indicated the number of times the Musical was performed at each Playhouse, how many tickets were sold at each Playhouse, and how much revenue was received by Defendants at each Playhouse. As explained below, Thornton is entitled to this information as this information is reasonably calculated to lead to the discovery of admissible evidence. Furthermore, because Thornton promptly brought suit to protect his copyrighted Test, Thornton complied with the copyright statute of limitations, and thus Defendants must provide discovery concerning all infringing copies of the Test. *See Tingley Systems, Inc. v. Healthlink, Inc.*, slip. op., No. 8:05-CV-1936, 2007 WL 1365336, *6 (M.D.Fla. May 8, 2007) (copyright statute of limitations is three years from when the copyright holder learns or should have learned of the defendants' infringement).

**<u>INTERROGATORY NO. 3</u>**: Identify the total number of programs that have been distributed that include the Test.

<u>Response to Interrogatory 3</u>: Objection, the interrogatory is overly broad and unduly burdensome. Objection, the interrogatory is not limited to the time period of three (3) years prior to the filing of the complaint. Subject to and without waiving said objections, Defendants have not yet finalized a calculation of the number of programs that were distributed including the Test, however, the "Test" appeared in the programs for the performances within three (3) years of the filing of Plaintiff's complaint in this action as identified in the answer to Interrogatory 1, above.

<u>Supplementary Response (May 17, 2007)</u>: Defendants reiterate their objections outlined above. Subject to and without waiving said objections, Defendants approximate that a maximum of 3,765,845 possible seats have been available for sale at performances of the Musical within the United States at which the Test was included in the programs since September 6, 2003. The actual number of seats sold is generally approximately 80-85% of capacity. Therefore, Defendants estimate that approximately 3,200,968 programs that included the Test have been distributed since September 6, 2003. Additionally, DEF 1010 provides an actual count of 1,269,000 programs printed by the main printer with which TOC Productions, Inc. contracted. Not all programs printed were distributed.

<u>Statement of why Defendants must be compelled to respond:</u> Defendants do not have a justifiable basis for limiting their response to three years prior to Thornton filing suit, because Thornton promptly brought suit to protect his copyrighted Test. *See Tingley Systems,* 2007 WL 1365336, \*6.

## DOCUMENT PRODUCTION REQUESTS

**REQUEST FOR PRODUCTION NO. 12:** Documents relating to the design, development, creation, and/or manufacturing of all programs identified in response to Request for Production No. 11.[2]

<u>Response to Document Request 12:</u> Objection, this request is overly broad, unduly burdensome, ambiguous and seeks documents which are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

<u>Statement of why Defendants must be compelled to respond:</u> Thornton owns the exclusive rights to reproduce his copyrighted Test and prepare derivative works based on his copyrighted Test. *See* 17 U.S.C. § 106(1) & (2). The design, development, creation and/or manufacturing information concerning the programs is needed discovery to know who, how, when and under what circumstances the acts of copyright infringement were committed.

**REQUEST FOR PRODUCTION NO. 13:** Documents referring or relating to distribution of each program identified in response to Request for Production No. 11.

<u>Response to Document Request 13:</u> Objection, this request is overly broad, unduly burdensome, ambiguous and seeks documents which are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

<u>Statement of why Defendants must be compelled to respond:</u> Thornton owns the exclusive right to distribute his copyrighted Test. *See* 17 U.S.C. § 106(3). Information referring or relating to distribution of the programs is undoubtedly reasonably calculated to lead to

---

[2] Request For Production No. 11 sought: Exemplars of all programs distributed at each performance of the Musical. Defendants responded with exemplars of programs distributed within (3) years prior to the filing of the complaint.

admissible evidence concerning who, how, when and under what circumstances the acts of copyright infringement were committed.

**REQUEST FOR PRODUCTION NO. 14:**   All Documents constituting or referring or relating to Defendants' advertising, marketing, and/or promotion of the Musical.

Response to Document Request 14:   Objection, this request is overly broad, unduly burdensome, ambiguous and seeks documents which are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further object that the request seeks Defendants confidential and proprietary information.

Statement of why Defendants must be compelled to respond:  How Defendants drew crowds to its performances is reasonably calculated to lead to admissible evidence.  For instance, it is possible such advertising included copies or references to Thornton's copyrighted Test.   On May 17, 2007, Defendants acknowledged the Protective Order alleviates their confidentiality concerns.

**REQUEST FOR PRODUCTION NO. 15:**  Documents referring or relating to Defendants profits from the Musical.

Response to Document Request 15:   Objection, this request is overly broad, unduly burdensome, ambiguous and seeks documents which are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further object that the request seeks Defendants confidential and proprietary information.

Statement of why Defendants must be compelled to respond:  As discussed at length in the Memorandum of Law below, and incorporated herein in this statement, Thornton is required to put forth "the infringer's profits."  17 U.S.C. § 504(b).  To do so, Thornton must first discover Defendants' revenues. Thus, such information is reasonably calculated to lead to the discovery of admissible evidence.   On May 17, 2007, Defendants acknowledged the Protective Order alleviates their confidentiality concerns.

**REQUEST FOR PRODUCTION NO. 16:**  Documents referring or relating to Defendants gross revenue from the Musical.

Response to Document Request 16: Objection, this request is overly broad, unduly burdensome, ambiguous and seeks documents which are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further object that the request seeks Defendants confidential and proprietary information.

Statement of why Defendants must be compelled to respond: As above, and as discussed at length in the Memorandum of Law below, and incorporated herein in this statement, Thornton is required to put forth "the infringer's profits." 17 U.S.C. § 504(b). Thornton must first discover Defendants' revenues, which includes Defendants' profits. Thus, such information is reasonably calculated to lead to the discovery of admissible evidence. On May 17, 2007, Defendants acknowledged the Protective Order alleviates their confidentiality concerns.

**REQUEST FOR PRODUCTION NO. 17:** Documents evidencing or referring or relating to any licensing agreements between Defendants and any third parties, including without limitation licensing agreements between Defendants and any other copyright owners.

Response to Document Request 17: Objection, this request is overly broad, unduly burdensome, ambiguous and seeks documents which are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further object that the request seeks Defendants confidential and proprietary information.

Statement of why Defendants must be compelled to respond: As discussed at length in the Memorandum of Law below, and incorporated herein in this statement, Thornton is also entitled to his actual damages. *See* 17 U.S.C. § 504(b). One measure of Thornton's actual damages is a licensing fee. *See e.g. On Davis v. The Gap, Inc.*, 246 F.3d 152, 165 (2d Cir. 2001). Thus, licensing agreements Defendants have entered into with other copyright owners is reasonably calculated to lead to the discovery of admissible evidence. On May 17, 2007, Defendants acknowledged the Protective Order alleviates their confidentiality concerns.

**REQUEST FOR PRODUCTION NO. 29:** Documents sufficient to show Your gross annual revenue for each year from 1997 through the present.

<u>Response to Document Request 29:</u>  Objection, the request is overly broad, vague and ambiguous.  As drafted, it is not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, to the extent that it is seeking documentation prior to the three (3) years prior to the filing of the complaint in this action, such request is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Statement of why Defendants must be compelled to respond:</u>  As discussed at length in the Memorandum of Law below, and incorporated herein in this statement, Thornton is required to put forth "the infringer's profits."  17 U.S.C. § 504(b).  According to the statute, Thornton "is required to present proof only of the infringer's gross revenue."  *Id*.  To do so, Thornton must first discover Defendants' revenues. Thus, such information is reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, because Thornton promptly brought suit to protect his copyrighted Test, Defendants must provide discovery concerning all infringing copies of the Test.  *See Tingley Systems*, 2007 WL 1365336 at *6.

**<u>REQUEST FOR PRODUCTION NO. 30:</u>**  Documents sufficient to show Your licensing expenses related to the Musical for each year from 1997 through the present.

<u>Response to Document Request 30:</u>  Objection, the request is overly broad, vague and ambiguous.  As drafted, it is not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, to the extent that it is seeking documentation prior to the three (3) years prior to the filing of the complaint in this action, such request is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Statement of why Defendants must be compelled to respond:</u>  As discussed at length in the Memorandum of Law below, and incorporated herein in this statement, Thornton is also entitled to his actual damages, which could include a licensing fee  *See* 17 U.S.C. § 504(b); *See e.g. On Davis*, 246 F.3d at 165.  Thus, information concerning Defendants' licensing expenses is reasonably calculated to lead to the discovery of admissible evidence.  Because Thornton promptly brought suit to protect his Test, Defendants must provide discovery concerning all infringing copies of the Test.  *See Tingley Systems*, 2007 WL 1365336 at *6.

**REQUEST FOR PRODUCTION NO. 31:** Defendants' income statements and balance sheets for each year from 1997 through the present.

Response to Document Request 31: Objection, the request is overly broad, vague and ambiguous. As drafted, it is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent that it is seeking documentation prior to the three (3) years prior to the filing of the complaint in this action, such request is not reasonably calculated to lead to the discovery of admissible evidence.

Statement of why Defendants must be compelled to respond: As discussed at length in the Memorandum of Law below, and incorporated herein in this statement, Thornton is required to put forth "the infringer's profits." 17 U.S.C. § 504(b). Thornton "is required to present proof only of the infringer's gross revenue." *Id.* To do so, Thornton must first discover Defendants' revenues. Thus, Defendants' income statements and balance sheets are reasonably calculated to lead to the discovery of admissible evidence. Because Thornton promptly brought suit to protect his copyrighted Test, Defendants must provide discovery concerning all infringing copies of the Test. *See Tingley Systems*, 2007 WL 1365336 at *6.

**REQUEST FOR PRODUCTION NO. 32:** All Federal and State tax returns for Defendants for each year from 1997 through the present.

Response to Document Request 32: Objection, the request is overly broad, vague and ambiguous. As drafted, it is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent that it is seeking documentation prior to the three (3) years prior to the filing of the complaint in this action, such request is not reasonably calculated to lead to the discovery of admissible evidence.

Statement of why Defendants must be compelled to respond: As discussed at length in the Memorandum of Law below, and incorporated herein in this statement, Thornton is required to put forth "the infringer's profits." 17 U.S.C. § 504(b). Thornton "is required to present proof only of the infringer's gross revenue." *Id.* Thus, Thornton must first discover Defendants' revenues. Defendants' Federal and State tax returns are reasonably calculated to lead to the discovery of admissible evidence. Because Thornton promptly brought suit to

protect his copyrighted Test, Defendants must provide discovery concerning all infringing copies of the Test. *See Tingley Systems*, 2007 WL 1365336 at *6.

**REQUEST FOR PRODUCTION NO. 35:** Documents sufficient to show the number of tickets sold for the Musical.

Response to Document Request 35: Objection, the request is overly broad, vague and ambiguous and seeks documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent that it is seeking documentation prior to the three (3) years prior to the filing of the complaint in this action, such request is not reasonably calculated to lead to the discovery of admissible evidence.

Statement of why Defendants must be compelled to respond: The number of tickets sold for the Musical is reasonably calculated to lead to the number of people who have seen the show. This information is reasonably calculated to lead to admissible evidence concerning the number of infringing copies of Thornton's copyrighted Test have been produced, as well as the size of the audience that has viewed these infringing copies. Because Thornton promptly brought suit to protect his copyrighted Test, Defendants must provide discovery concerning all infringing copies of the Test. *See Tingley Systems, Inc.*, 2007 WL 1365336 at *6.

**REQUEST FOR PRODUCTION NO. 36:** Documents sufficient to show the number of patrons who have seen the Musical.

Response to Document Request 36: Objection, the request is overly broad, vague and ambiguous and seeks documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent that it is seeking documentation prior to the three (3) years prior to the filing of the complaint in this action, such request is not reasonably calculated to lead to the discovery of admissible evidence.

Statement of why Defendants must be compelled to respond: The number of people who have seen the show is reasonably calculated to lead to admissible evidence concerning the number of infringing copies of Thornton's copyrighted Test have been produced, as well as the size of the audience that has viewed these infringing copies. Because Thornton promptly

brought suit to protect his copyrighted Test, Defendants must provide discovery concerning

all infringing copies of the Test. *See Tingley Systems*, 2007 WL 1365336 at \*6.

**REQUEST FOR PRODUCTION NO. 37:**  Documents sufficient to show all revenue
derived from the Musical, including ticket sales, merchandise revenue, and other incidental
revenue.

Response to Document Request 37:  Objection, the request is overly broad, vague and
ambiguous and seeks documents which are not relevant and not reasonably calculated to lead
to the discovery of admissible evidence.  Additionally, to the extent that it is seeking
documentation prior to the three (3) years prior to the filing of the complaint in this action,
such request is not reasonably calculated to lead to the discovery of admissible evidence.

Statement of why Defendants must be compelled to respond:  As discussed at length in the

Memorandum of Law below, and incorporated herein in this statement, Thornton is required

to put forth "the infringer's profits."  17 U.S.C. § 504(b).  Thornton "is required to present

proof only of the infringer's gross revenue." *Id.*  In response, Defendants' will then "prove

his or her deductible expenses and the elements of profit attributable to factors other than the

copyrighted work." *Id.*  The information sought through this request is reasonably calculated

to lead to admissible evidence concerning the Defendants' burden in proving what elements

of its profits are not attributable to the infringement.  Because Thornton promptly brought

suit to protect his copyrighted Test, Defendants must provide discovery concerning all

infringing copies of the Test. *See Tingley Systems*, 2007 WL 1365336 at \*6.

**REQUEST FOR PRODUCTION NO. 40:**  Documents sufficient to show how the Test was
included in the program from the Musical played at each Playhouse identified in response to
Interrogatory No. 1 in Plaintiff's First Set of Interrogatories, including who published the
program, who distributed the program, and who provided the Test to whomever published
the program.

Response to Document Request 40:  Objection, the request is overly broad, vague and
ambiguous and seeks documents which are not relevant and not reasonably calculated to lead
to the discovery of admissible evidence.  Additionally, to the extent that it is seeking
documentation prior to the three (3) years prior to the filing of the complaint in this action,
such request is not reasonably calculated to lead to the discovery of admissible evidence.

Statement of why Defendants must be compelled to respond:  Thornton owns the exclusive rights to reproduce his copyrighted Test, prepare derivative works from his copyrighted Test, and prepare derivative works based on his copyrighted Test. *See* 17 U.S.C. § 106(1), (2), & (3).  Thus, who published the programs, who distributed the programs, and who provided the Test to whomever published the programs is reasonably calculated to lead to the discovery of admissible evidence.  Because Thornton promptly brought suit to protect his copyrighted Test, Defendants must provide discovery concerning all infringing copies of the Test.  *See Tingley Systems*, 2007 WL 1365336 at *6.

## MEMORANDUM OF LAW IN SUPPORT

The broad right of discovery is meant to counterbalance the notice-pleading requirements of Federal practice.  *See* 8 Charles Alan Wright & Arther R. Miller, *Federal Practice and Procedure*, § 2001.  This is precisely why Rule 26 mandates that a party is entitled to discovery "regarding *any matter*, not privileged, that is relevant to the claim or defense of a party."  Fed R. Civ. P. 26 (emphasis added).  All that is required is the requested information "appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  The information Thornton is seeking is reasonably calculated to lead to admissible evidence.  Accordingly, this Court should order Defendants' to produce the requested information.

"Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court."  *Balfour Beatty Rail, Inc. v. Vaccarello*, slip op., 2007 WL 169628 at *1 (M.D. Fla. Jan. 18, 2007) (citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)).  "The overall purpose of discovery under the Federal Rules is to require the

disclosure of *all relevant information* so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Id.* (emphasis added) (citing *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Defendants have withheld information relating to their revenue from performances of the Musical. Further, Defendants have refused to provide information concerning the creation of the programs which were distributed containing the infringing copies of Thornton's Test. It is these inappropriate refusals to respond that are the basis of the present motion. Defendants assert two primary justifications for withholding this information: (1) Defendants improperly claim this information is irrelevant; and (2) the information sought is barred by the statute of limitations. As explained below, the information Plaintiff's seek to compel through this Motion is not only reasonably calculated to lead to admissible evidence, it is crucial to the instant matter. Furthermore, Thornton's suit is timely, and thus Defendants' reliance on the statute of limitations is without merit. Accordingly, Thornton respectfully requests this Court compel Defendants to provide the requested information.

I.     **Defendants' Gross Revenue Is Relevant; Copyright Law Requires Defendants Disclose This Information**

Section 504(b) of the copyright laws provides copyright holders with two separate categories of compensatory damages: (1) the infringer's profits; and (2) the copyright owner's actual damages.[3] At the damages phase of this trial, by the very language of section 504(b),

---

[3] 17 U.S.C.§ 504(b) provides:

**Actual damages and profits**. The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Thornton is **required** to put forth proof of Defendants' gross revenue. The only way for Thornton to satisfy this burden is to first discover this information from Defendants. Even if there is some theory that reduces the categories of revenue information that are admissible at trial, the test during discovery is whether the information sought will reasonably lead to admissible evidence. Defendants' revenue, received from performances of the Musical, is reasonably calculated to lead to the discovery of admissible evidence.

The Eleventh Circuit has not interpreted section 504(b) as it applies to a copyright holder's burden of putting forth the infringer's gross revenue. The appellate court has, however, recognized the clear statutory obligations section 504(b) imposes on a copyright holder. *See Montgomery v. Noga*, 168 F.3d 1282, 1296 (11th Cir. 1999) (Noting that the copyright holder "went well beyond his **statutory obligation** to present proof of the defendants' gross revenue.") (emphasis added). A number of courts within this district follow the clear language of section 504(b). *See e.g. Lifetime Homes, Inc. v. Residential Development Corporation*, slip op. 2007 WL 624273 at *6 (M.D. Fla. Feb. 23, 2007) (J. Wiseman, Jr.) (Copyright holder's burden is to put forth: (1) it's actual damages; and (2) Defendants' gross revenue); *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 3445522 (M.D. Fla. Dec. 14, 2005) (J. Fawsett) (same); *Home Design Services Inc. v. Park Square Enterprises, Inc.*, 2005 WL 1027370 (M.D. Fla. May 2, 2005) (J. Antoon) (Rejecting defendants' contention that the court should depart from the plain language of section 504(b)).

The Second Circuit has taken a slightly more narrow interpretation of section 504(b). *See On Davis v. The GAP, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001) ("we think the term 'gross revenue' under the statute means gross revenue reasonably related to the infringement, not

unrelated revenue.").  Importantly, at least one court within the Middle District of Florida refused to follow the Second Circuit's approach and found "no basis … to depart from the plain language of a statute."  *Park Square Enterprises*, 2005 WL 1027370 at *4.  *Park Square Enterprises* went on to explain that the Defendant is the party statutorily tasked with showing "profit elements attributable to factors other than use of the copyrighted work."  *Id*. (citing *Home Design Services, Inc. v. Schwab Dev. Corp*., No. 6:03-CV-596, slip. Op. at 7 (M.D. Fla. Jan. 7, 2005), which in turn cited *On Davis*, 246 F.3d at 159).

Even if the Eleventh Circuit followed the *On Davis* approach, which it does not, Thornton is still entitled to **discover** information about the Defendants' gross revenue.  In *On Davis*, the defendant owned a number of clothing stores including the GAP. 246 F.3d at 156. Plaintiff's copyrighted eyewear was featured in one of GAP's advertising campaigns.  *Id*. The plaintiff put forth the defendants' gross revenue, which was approximately $1.7 billion, which included revenue from all of defendant's clothing stores.  *Id*. at 157.  In reviewing the district courts' grant of summary judgment, the Second Circuit narrowed the application of gross revenue to be gross revenue "reasonably related to the infringement."  *Id*. at 160.  The plaintiff lost because he had reached too far by including revenues from all of the defendant's retail stores, not just the "GAP" stores.  *Id*.  Specifically, the court stated that the plaintiff should have "submitted evidence at least limited to the gross revenue of the Gap label stores, and perhaps also limited to eyewear or accessories."  *Id*.

Even under the non-binding Second Circuit's approach, Thornton is not reaching too far.  First, *On Davis* was a summary judgment decision.  Without question, the *On Davis* plaintiff was entitled to discovery of the GAP's gross revenue, because the plaintiff was able to put forth this evidence at the summary judgment stage.  Second, Thornton has only sought

Defendants' gross revenue stemming from its Musical. While, to Thornton's knowledge, Defendants also operate a number of different businesses, these other businesses, that are in no way tied to the Musical, are not the subject of Thornton's discovery requests. Rather, Thornton is only seeking the gross revenue of the Musical, which Thornton is required to do under section 504(b). Moreover, even following the *On Davis* court, Thornton **must** be entitled to discovery of the copyright infringer's gross revenue. Had the *On Davis* plaintiff only put forth the GAP labeled stores gross revenue, the Second Circuit indicated it may have been sufficient to **defeat summary judgment**. Here, Thornton has limited his request to the Musical, and our posture is only at the discovery stage.

Thornton needs this revenue information to prepare his case. Defendants will have their opportunity to explain what elements of their gross revenue are not attributable to their infringement of Thornton's Test. The statute is clear. Allowing Defendants to first limit the information available during discovery, and then provide Defendants a second opportunity to reduce this revenue information by further explaining which elements of the gross revenue are not attributable to the infringement goes against Congress' clear direction in proving the infringer's profits. Further, following this approach would allow copyright infringers, who have already unjustly benefited from the intellectual endeavors of others, to further prosper at the expense of the copyright holder. Defendants are the only party in the position to know how much revenue they received, and how this revenue relates to their acts of infringement. Discovery on Defendants' gross revenue is designed and required to extract this information. There is no basis for withholding discovery of this information, and accordingly, Thornton respectfully requests an order from this Court instructing Defendants to fully respond to the discovery requests.

## II. Plaintiff Is Entitled To Discovery On All Acts Of Copyright Infringement Of Plaintiff's Test Because Plaintiff's Claims Are Timely

Defendants have limited their discovery responses to the time period three years prior to Plaintiff's filing suit on the improper basis that the copyright statute of limitations somehow imposes this limitation. As Defendants are well aware, however, the "statute of limitations for copyright infringement actions is three years from when the claim accrues." *Tingley Systems, Inc. v. Healthlink, Inc.*, slip. op., No. 8:05-CV-1936, 2007 WL 1365336, *6 (M.D.Fla. May 8, 2007) (J. Whittemore) (citing 17 U.S.C. § 507(b))[4]. "A copyright infringement claim accrues when a plaintiff 'learns, or should as a reasonable person have learned that the defendant was violating his rights.'" *Id.* Thornton learned of the Defendants' infringing use of his copyrighted Test, and then promptly instituted this lawsuit. Defendants have no reasonable basis to limit discovery only into Defendants' infringing uses of the Test over the past three years;  accordingly, Plaintiff respectfully requests this Court compel Defendants to supplement its discovery responses.

## CONCLUSION

Thornton requests entry of an order compelling Defendants to fully respond to Interrogatories Nos. 1 and 3. Thornton further requests entry of an order compelling Defendants to fully respond to Document Requests Nos. 12, 13, 14, 15, 16, 17, 29, 30, 31, 32, 35, 36, 37, and 40. Defendants have withheld information long enough, and must be required to properly participate in discovery.

---

[4] Defendants' counsel also represents the plaintiff in *Tingley* and successfully argued to the court concerning the statute of limitations for a copyright infringement claim.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Plaintiff's counsel conferred with counsel for Defendants in a good-faith effort to resolve the issues presented by this motion. However, as noted in the motion, the parties were unable to reach a resolution.

Dated this 4th day of June, 2007.

Respectfully submitted,

_____
William F. Hamilton
Florida Bar No. 379875
Stefan V. Stein
Florida Bar No. 300527
Michael J. Colitz, III
Florida Bar No. 164348
Woodrow H. Pollack
Florida Bar No. 026802
Holland & Knight LLP
100 N. Tampa Street
Suite 4100
Tampa, FL 33601-3644
Tel: 813/227-8500 Fax: 813/229-0134
william.hamilton@hklaw.com
stefan.stein@hklaw.com
michael.colitz@hklaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: G. Donovan Conwell, Jr., G. Wrede Kirkpatrick, Dineen Pashoukos Wasylik, Conwell, Sukhia & Kirkpatrick, P.A., 2701 N. Rocky Point Drive, Suite 1200, Tampa, FL 33607.

_____
Michael J. Colitz, III

# 4523141_v3