**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN J. THORNTON,
(d/b/a Baby Boomer Headquarters)
an individual

Plaintiff,

vs.

CASE NO.: 8:06-cv-01640

J. JARGON CO.,
a Florida Corporation,
JEANETTE C. LINDERS, an individual, and
TOC Productions, Inc., a Florida Corporation

Defendants. /

**DEFENDANTS' UNOPPOSED MOTION TO SEAL CONFIDENTIAL PORTIONS OF DEPOSITION TESTIMONY OF LARRY STEVEN LONDRE, OR IN THE ALTERNATIVE, FOR RELIEF FROM THE ORDER REQUIRING THOSE MATERIALS TO BE FILED WITH THE CLERK**

Defendants J. Jargon Co., Jeannette C. Linders, and TOC Productions, Inc. (collectively, "Defendants"), pursuant to Local Rule 1.09, hereby move this Court to seal pages 228, 250-252, 256, 283-288, 291-292 (the "Attorney's Eyes Only Pages") of the Deposition of Larry Steven Londre for one year, or in the alternative, to relieve Defendants of the obligation to file those pages with the clerk pursuant to the Court's May 29, 2008 Order [Dkt. 96].

## PROCEDURAL BACKGROUND

Defendant Linders is the author of a highly successful theatrical production entitled *Menopause the Musical* ("the Musical"). Defendants, J. Jargon Co. and TOC Productions, Inc. are private companies. In this copyright infringement action, Plaintiff, John Thornton, ("Thornton") does not allege that the Musical in any way infringes his alleged work, but

rather that the free program distributed at some productions of the Musical included a simple, fact intensive "Age Test" Plaintiff claims to have authored. Plaintiff's discovery requests focused heavily on discovering Defendants' confidential personal and business finances in an effort to establish his damages claim. To avoid motions practice over confidentiality objections to the discovery of such information, the parties agreed to seek, and the Court entered, a protective order allowing the parties to designate financial information and royalty information as "Confidential-Attorney's Eyes Only." [Dkt. 27] ("the Protective Order"). The Protective Order requires that information designated in discovery as "Confidential-Attorney's Eyes Only" may not be filed with the Court except as required "for purposes of trial, motions for summary judgment, other motions, or appeals" and require the parties to seek to file such materials under seal pursuant to Local Rule 1.09. Dkt. 27 at 6.

Both Plaintiff and Defendants designated their confidential financial information as "Confidential-Attorney's Eyes Only" throughout the course of discovery. In conjunction with discovery motions practice, Defendant Linders testified that she treats her financial information as highly confidential and does not generally disclose it to third parties. Declaration of Jeanette C. Linders at ¶ 8 [Dkt. 47].

Larry Steven Londre is Thornton's proffered expert on the alleged damages caused in this copyright infringement action. Defendants deposed Londre on October 11, 2007, and the transcript spans 313 pages. On December 6, 2007, Defendants filed a Motion in Limine to exclude Londre's testimony [Dkt. 83] (the "Motion in Limine"), arguing that Londre's testimony is irrelevant, speculative, and unreliable. Plaintiff opposed the Motion in Limine [Dkt. 91]. Neither side proffered the confidential portions of the testimony in support of or

opposition to the Motion, and the Attorney's Eyes Only Pages span only 10 of the 313 pages of the transcript.

The Attorney's Eyes Only Pages were designated as "Confidential-Attorney's Eyes Only" pursuant to the Protective Order entered in this case [Dkt. 27]. The Attorney's Eyes Only Pages contain discussion of Defendants' sensitive business information, including specifically revealing Defendants' non-public revenues. The matter contained in those pages falls squarely within the subject matter allowed to be designated as "Confidential-Attorney's Eyes Only" by the Protective Order.

On May 29, 2008, the Court ordered that Defendants file the entire transcript of Londre's deposition. [Dkt. 96]. Defendants immediately filed the more than 300 pages that were not designated "Confidential-Attorney's Eyes Only" [Dkt. 97]. This Motion to Seal the remaining 10 pages, or in the alternative, for relief from filing those 10 pages, follows.

## MEMORANDUM OF LAW

### A. The Material Should Be Sealed Because It Is Confidential Discovery Material to Which There Is No Public Right of Access.

The public does not have a common law right of access to discovery material, "as these materials are neither public documents nor judicial records." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The Eleventh Circuit has taken this view of discovery material even further to hold that even when filed with the court, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions *that require judicial resolution of the merits* is subject to the common-law right." *Id.* at 1312 (emphasis added). A motion in limine is not a dispositive motion requiring resolution of the merits, as it goes

only to the admissibility of evidence. *See, e.g., Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp.2d 1308, 1319 (N.D. Ga. 2002)("A motion in limine is not a dispositive motion"); *Hi Ltd. Partnership v. Winghouse of Florida, Inc.*, No. 6:03-cv-116-Orl-22JGG, 2004 WL 5486964 at *13 (M.D. Fla. Oct. 5, 2004)(noting difference between motions in limine and dispositive motions).

Here, neither party has sought to place the confidential discovery material before the Court at this time. Rather, the Court has ordered the filing of the entire transcript, presumably to assist in its analysis of the Motion in Limine, without knowing that a scant few of the pages have been treated as Confidential-Attorney's Eyes Only by the parties pursuant to the Protective Order. Thus, this is clearly a case where there is no right of access to discovery materials. As such, the Court should allow Defendants to continue to maintain the confidentiality of their financial information, which Defendant Linders has previously testified that she keeps confidential. *See* Declaration of Jeanette C. Linders at ¶ 8 [Dkt. 47].

**B. Even if There Were a Right of Access, Here the Balance of Interest Favors Allowing the Confidential Material To Be Filed Under Seal.**

Even if the Court were to find a public right of access to these tangential discovery materials, disclosure of the confidential materials on the public record is not automatic. Rather, in balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, the Eleventh Circuit requires district courts to consider "among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the

availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (C.A.11 2007). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* The less the information is central to the merits of the case, the weaker is the public's right to access the information. *Id.*

Here, the balance tips in favor of maintaining Defendants' confidentiality. The information at stake does not concern public officials or issues of great public importance. However, release of Defendants' confidential financial information harms their legitimate privacy interests in maintaining the confidentiality of their finances. *See, e.g., Ramada Worldwide Inc. v. AB Associates Midland Management,* No. 8:07-CV-1459-T-27EAJ, 2007 WL 3284047 at *1 (M.D. Fla. 2007)(ordering that defendant's financial information be filed under seal to protect defendants' privacy); *McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 90 (11th Cir. 1989)(holding that privacy interest in personal financial records provided good cause for protective order limiting disclosure of financial records). The ten pages that reveal Defendants' revenues are quite tangential to the issues raised in the Motion in Limine that the Court is currently deciding. Applying the required balancing test, the balance of interest favors maintaining the confidentiality of Defendants' financial information and accepting the Attorney's Eyes Only Pages under seal.

### C. In the Alternative, the Court Should Relieve Defendants of the Duty to File the Confidential Materials.

Defendants have already filed the 300 non-confidential pages of testimony [Dkt. 97] and have only withheld the ten Attorney's Eyes Only Pages pending the Court's determination of this Motion. Defendants submit that the Attorney's Eyes Only Pages are

not necessary to the assessment of the Motion in Limine.[1] The ten pages do not go to the heart of Londre's testimony, and are quite tangential to the issues raised in the Motion in Limine and opposition thereto. Thus, Defendants urge the Court to adopt the "less onerous alternative to sealing the documents" and relieve Defendants of the duty to file the Attorney's Eyes Only Pages.

## RULE 3.01(g) CERTIFICATE

I hereby certify that I have conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion and counsel for Plaintiff does not oppose this motion.

## CONCLUSION

Wherefore, Defendants respectfully request that the Court GRANT their Motion to file the Attorney's Eyes Only Pages under seal, or in the alternative, relieve Defendants of the obligation to file those pages with the clerk pursuant to the Court's May 29, 2008 Order [Dkt. 96].

Respectfully submitted,

DATED May 29, 2008.

By: */s/ Dineen Pashoukos Wasylik*

G. Donovan Conwell, Jr. (FBN 371319)
Dineen Pashoukos Wasylik (FBN 191620)
Conwell Kirkpatrick, P.A.
2701 N. Rocky Point Drive, Suite 1200
Tampa, Florida 33607
(813) 282-8000; (813) 282-8800 Facsimile
dconwell@csklawfirm.com
dwasylik@csklawfirm.com
Counsel for Defendants

[1] The Court's Order required that Defendants provide a courtesy copy of the transcript to chambers as well as filing the entire transcript. [Dkt. 96]. Defendants have provided a courtesy copy of the Attorney's Eyes Only Pages to chambers for *in camera* review along with the courtesy copy of the 300 pages of the transcript filed at Dkt. 97.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **William F. Hamilton, Esq.,** william.hamilton@hklaw.com, **Stefan V. Stein, Esq.,** stefan.stein@hklaw.com, **Michael J. Colitz, III, Esq.,** michael.colitz@hklaw.com, **Woodrow H. Pollack, Esq.,** woodrow.pollack@hlaw.com, HOLLAND & KNIGHT LLP, 100 N. Tampa Street, Suite 4100, Tampa, FL 33602.

By: */s/ Dineen Pashoukos Wasylik*

G. Donovan Conwell, Jr. (FBN 371319)
Dineen Pashoukos Wasylik (FBN 191620)
Conwell Kirkpatrick, P.A.
2701 N. Rocky Point Drive, Suite 1200
Tampa, Florida 33607
(813) 282-8000; (813) 282-8800 Facsimile
dconwell@csklawfirm.com
dwasylik@csklawfirm.com
Counsel for Defendants