**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN J. THORNTON,
(d/b/a Baby Boomer Headquarters)
an individual,

Plaintiff,

vs.

CASE NO.: 8:06-cv-1640-T27-TGW

J JARGON CO., a Florida corporation;
JEANETTE C. LINDERS, an individual,
and TOC PRODUCTIONS, INC., a Florida
Corporation.

Defendants.
_______________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION TO SEAL EXHIBITS PURSUANT TO PROTECTIVE ORDER**

Defendants J JARGON CO., JEANNETTE C. LINDERS AND TOC PRODUCTIONS, INC., ("Defendants") agree that the proposed Exhibits to Plaintiff's Motion to Strike [Dkt. 123] should be accepted under seal, as requested by Plaintiff in his Unopposed Motion [Dkt. 124]. In the alternative, Defendants respectfully submit that an *in camera* review of the proposed exhibits, rather than placing them in the Court record, will allow the Court to evaluate the discovery issues raised by the Motion to Strike [Dkt. 123] without compromising the highly confidential nature of the business documents.

**PROCEDURAL BACKGROUND**

Defendant Linders is the author of a highly successful theatrical production entitled *Menopause the Musical* ("the Musical"). Defendants, J. Jargon Co. and TOC Productions, Inc. are private companies. In this copyright infringement action, Plaintiff, John Thornton,

("Thornton") does not allege that the Musical in any way infringes his alleged work, but rather that the free program distributed at some productions of the Musical included a simple, fact intensive "Age Test" Plaintiff claims to have authored. Plaintiff's discovery requests focused heavily on discovering Defendants' confidential personal and business finances in an effort to establish his damages claim. To avoid motions practice over confidentiality objections to the discovery of such information, the parties agreed to seek, and the Court entered, a protective order allowing the parties to designate financial information and royalty information as "Confidential-Attorney's Eyes Only." [Dkt. 27] ("the Protective Order"). The Protective Order requires that information designated in discovery as "Confidential-Attorney's Eyes Only" may not be filed with the Court except as required "for purposes of trial, motions for summary judgment, other motions, or appeals" and require the parties to seek to file such materials under seal pursuant to Local Rule 1.09. Dkt. 27 at 6.

Both Plaintiff and Defendants designated their confidential financial information as "Confidential-Attorney's Eyes Only" throughout the course of discovery. In conjunction with discovery motions practice, Defendant Linders testified that she treats her financial information as highly confidential and does not generally disclose it to third parties. Declaration of Jeanette C. Linders at ¶ 8 [Dkt. 47]. The documents Plaintiff seeks to file in support of his Motion to Strike [Dkt. 123] are highly confidential business documents concerning the detailed terms of Defendants' business relationships.

## ARGUMENT

### I. The Material Should Be Sealed Because It Is Confidential Discovery Material to Which There Is No Public Right of Access.

Plaintiff's Motion to Strike [Dkt. 123] is in essence a Motion in Limine seeking to exclude exhibits from the record at trial, based upon Plaintiff's perception that the exhibits should have been produced as discovery materials. The Eleventh Circuit has held that the public does not have a common-law right of access to discovery material, "as these materials are neither public documents nor judicial records." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The Eleventh Circuit has taken this view of discovery material even further to hold that *even when filed with the court*, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions *that require judicial resolution of the merits* is subject to the common-law right." *Id.* at 1312 (emphasis added). A motion in limine is not a dispositive motion requiring resolution of the merits, as it goes only to the admissibility of evidence. *See, e.g., Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp.2d 1308, 1319 (N.D. Ga. 2002)("A motion in limine is not a dispositive motion"); *Hi Ltd. Partnership v. Winghouse of Florida, Inc.*, No. 6:03-cv-116-Orl-22JGG, 2004 WL 5486964 at *13 (M.D. Fla. Oct. 5, 2004)(noting difference between motions in limine and dispositive motions). Tellingly, the Motion to Strike is brought pursuant to Rule 37, which is a rule governing discovery issues. Dkt. 123 at 1.

## II. Even if There Were a Right of Access, Here the Balance of Interest Favors Allowing the Confidential Material To Be Filed Under Seal.

Even if the Court were to find a public right of access to these tangential discovery materials, disclosure of the confidential materials on the public record is not automatic. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, the Eleventh Circuit requires district courts to consider "among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* The less the information is central to the merits of the case, the weaker is the public's right to access the information. *Id.*

Here, the balance tips in favor of maintaining Defendants' confidentiality at this time.[1] The information at stake does not concern public officials or issues of great public importance. However, release of Defendants' confidential financial information harms their legitimate privacy interests in maintaining the confidentiality of their finances. *See, e.g.*, *Ramada Worldwide Inc. v. AB Associates Midland Management,* No. 8:07-CV-1459-T-27EAJ, 2007 WL 3284047 at *1 (M.D. Fla. 2007)(ordering that defendant's financial

[1] Defendants recognize that if the documents are introduced at trial they will become part of the trial record. However, it will not be clear until trial whether Defendants will be forced to use the confidential documents. Until that time, their confidentiality should be preserved.

information be filed under seal to protect defendants' privacy); *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 90 (11th Cir. 1989)(holding that privacy interest in personal financial records provided good cause for protective order limiting disclosure of financial records).

**III. In the Alternative, the Court Should Review the Materials *in camera*.**

Defendants submit that review of the actual exhibits is unnecessary to a decision on the merits of the Motion to Strike. However, Defendants respectfully request that in the alternative to receiving the documents into the file under seal, the Court review the proposed Exhibit B *in camera*. In the context of determining whether sensitive government documents should be discoverable, the courts have noted that "Requiring materials sought for discovery to be submitted to the court for an In camera inspection is a practice which is both reasonable and protective of the defendant's rights." *U.S. v. Buckley*, 586 F.2d 798, 506 (5th Cir. 1978)(discussing FBI files). Similar logic applies here, in that "in areas where, as in the present case, the request involves materials the disclosure of which is arguably not in the public interest," *in camera* inspection is a reasonable method to balance parties' competing interests. *Id.*

**<u>CONCLUSION</u>**

For all of the foregoing reasons Defendants respectfully request that the Court order the exhibits filed under seal, or in the alternative, review proposed Exhibit B to Plaintiff's Motion to Strike [Dkt. 123] *in camera* rather than making them part of the public record.

Dated: October 20, 2008 By: */s/ G. Donovan Conwell, Jr.*

G. Donovan Conwell, Jr.
Florida Bar No: 371319
G. Wrede Kirkpatrick
Florida Bar No: 984116
Dineen Pashoukos Wasylik
Florida Bar No: 191620
CONWELL KIRKPATRICK, P.A.
2701 N. Rocky Point Drive, Suite 1200
Tampa, Florida 33607
(813) 282-8000; (813) 282-8800 Facsimile
dconwell@csklawfirm.com
wkirkpatrick@csklawfirm.com
dwasylik@csklawfirm.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

**William F. Hamilton, Esq.**
william.hamilton@hklaw.com,
**Stefan V. Stein, Esq.**
stefan.stein@hklaw.com,
**Michael J. Colitz, III, Esq.**
michael.colitz@hklaw.com,
**Woodrow H. Pollack, Esq.**
woodrow.pollack@hlaw.com
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602.

*/s/ G. Donovan Conwell, Jr.*
Attorney