UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. THORNTON,
(d/b/a Baby Boomer Headquarters)
an individual,

       Plaintiff,

vs.                                CASE NO.: 8:06-cv-1640-T27-TGW

J JARGON CO., a Florida corporation;
JEANETTE C. LINDERS, an individual,
and TOC PRODUCTIONS, INC., a Florida
Corporation.

       Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE
TO STRIKE DOCUMENTS FROM PLAINTIFF'S EXHIBIT LIST**

Defendants J JARGON CO. ("J. Jargon"), JEANNETTE C. LINDERS ("Linders") AND TOC PRODUCTIONS, INC. ("TOC"), ("Defendants") hereby move in limine to exclude from evidence the items on the exhibit list of Plaintiff JOHN J. THORNTON ("Plaintiff") that were not disclosed prior to the meeting to prepare the pretrial stipulation (the "Objected-to Exhibits"), if the Court is inclined to exclude documents identified by Defendants at that same meeting.[1]

---

[1] The Objected-to Exhibits are Plaintiff's Exhibit No.'s 1 (printout from Wayback Machine); 69-71 (programs marked with GEM production numbers); 105 (letter from L. Londre to W. Pollack); 111 (program marked with OPA production numbers) 137 (ME Magazine marked with OPA production number); 138 (program marked with TUC production number); 171-174 (internal theatre documents marked with GEM and OPA production numbers) 199-224 (internal theatre documents marked with OPA production numbers); 252 (insurance certificate marked with OPA production number); 260-261 (verified complaint and amended verified complaint in J. Jargon v. Entertainment Events).

**FACTUAL BACKGROUND**

On September 23, 2008, counsel for the parties met at the offices of Holland & Knight to discuss the pretrial order, to exchange exhibit and witness lists and to provide copies of the trial exhibits. Both the Defendants and the Plaintiff listed documents on their exhibit lists which had not been produced to the other side during discovery, although a few of the new documents had been used as deposition exhibits. The Defendants' counsel brought extra copies of their documents not previously produced to the conference for Plaintiff's counsel, with a few exceptions that Defendants' counsel attempted to email to Plaintiff's counsel on September 25 but which did not reach Plaintiff's counsel until the 30th, due to a technical problem not discovered until the 30th. During the September 23rd conference, Plaintiff's counsel did not furnish Defendants' counsel with their own copy of the documents on Plaintiff's exhibit list which Plaintiff had not previously produced to Defendants. Plaintiff's counsel mailed the new documents, consisting of 317 pages, to Defendants' counsel on September 29 and they were received on September 30, 2008. *See* [Dkt. 142-2]. So, all of the documents on Plaintiff's and Defendants' exhibit lists had been exchanged and reviewed by September 30, 2008. This Court held the pretrial conference in this case on October 3, 2008. The case is scheduled for the November 1, 2008 trial term. On October 2, 2008 Plaintiff filed a Motion to Strike "late-disclosed" documents from Defendants' exhibit list, and filed a corrected version of the Motion to Strike on October 3, 2008 [Dkt. 130]. The Motion to Strike contends that the documents on Defendants' Exhibit List which were not produced during discovery were documents which the Magistrate Judge had ordered the Defendants to produce. *See*, Motion to Strike at p. 1. [Dkt. 130] Plaintiff,

therefore, seeks an order striking such documents from Defendants' Exhibit List as a discovery sanction pursuant to Rule 37(b)(2)(A). *Id*. at pp. 1, 8-10. Plaintiff also appears to argue that the documents were disclosed late, and should be excluded for that reason. Defendants opposed the Motion to Strike [Dkt. 142].

## **ARGUMENT**

Rule 37(c) states that "if a party fails to provide information…required by Rule 26(a)…the party is not allowed to use that information….at a trial, unless the failure was substantially justified <u>or</u> is harmless." (emphasis added). Defendants believe that both parties' disclosures were timely pursuant to Rule 26(a)(3)(b), which states that "Unless the Court orders otherwise, these disclosures [identifying each document the party intends to offer] must be made at least 30 days before trial." In an abundance of caution, however, Defendants argue that if the court excludes the documents identified by Defendants at the meeting to exchange pre-trial information were based on a finding of late disclosure, then the Court should apply the same rule to the Objected-to Documents identified by Plaintiffs for the first time at that meeting. "The litigant ... who charges that the rules were not followed in the district court should himself follow the rules when he applies for relief in this court. Sauce for the goose is sauce for the gander." *Phillips v. Insurance Co. of North America*, 633 F.2d 1165, 1168 (5th Cir. 1981), [2] *quoting Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 407 (3d Cir. 1980).

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

3

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that counsel for the Defendants conferred with counsel for the Plaintiff in a good faith effort to narrow or resolve the issues in this motion. Counsel for Plaintiff opposes the relief requested herein.

## CONCLUSION

For the foregoing reasons, if the Court excludes the documents identified on Defendant's exhibit list that were disclosed at the pretrial meeting, the Court should also exclude the documents Plaintiff revealed for the first time at that meeting.

Dated: October 24, 2008        By: */s/ G. Donovan Conwell, Jr.*
                                                        G. Donovan Conwell, Jr.
                                                        Florida Bar No: 371319
                                                        G. Wrede Kirkpatrick
                                                        Florida Bar No: 984116
                                                        Dineen Pashoukos Wasylik
                                                        Florida Bar No: 191620
                                                        CONWELL KIRKPATRICK, P.A.
                                                        2701 N. Rocky Point Drive, Suite 1200
                                                        Tampa, Florida 33607
                                                        (813) 282-8000; (813) 282-8800 Facsimile
                                                        dconwell@csklawfirm.com
                                                        wkirkpatrick@csklawfirm.com
                                                        dwasylik@csklawfirm.com
                                                        Counsel for Defendant
                                                        TOC Productions, Inc.

                                                        Mark Goldstein
                                                        Florida Bar No: 882186
                                                        Wolfe & Goldstein, P.A.
                                                        100 SE Second Avenue, Suite 3300
                                                        Miami, FL 33131
                                                        (305) 381-7115; (305) 381-7116 Fax
                                                        mgoldstein@wolfelawmiami.com
                                                        Counsel for Defendants
                                                        Jeanette C. Linders and J. Jargon Co.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> **William F. Hamilton, Esq.**
> william.hamilton@hklaw.com,
> **Stefan V. Stein, Esq.**
> stefan.stein@hklaw.com,
> **Michael J. Colitz, III, Esq.**
> michael.colitz@hklaw.com,
> **Woodrow H. Pollack, Esq.**
> woodrow.pollack@hlaw.com
> Holland & Knight LLP
> 100 N. Tampa Street, Suite 4100
> Tampa, FL 33602.

>> */s/ G. Donovan Conwell, Jr.*
>> Attorney