# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JOHN J. THORNTON (d/b/a Baby Boomer Headquarters), an individual,**

       **Plaintiff,**

vs.                                     **Case No. 8:06-cv-1640-T-27TGW**

**J JARGON CO., a Florida corporation, JEANETTE C. LINDERS, an individual, and TOC PRODUCTIONS, INC. a Florida corporation,**

       **Defendants.**

_____/

## COURT'S INSTRUCTIONS
### TO THE JURY

1

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

### Consideration of the Evidence
### Duty to Follow Instructions
### Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

3

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## Impeachment of Witnesses
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Burden of Proof**
**Multiple Claims and Defenses**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

### Introduction

The Court has determined, as a matter of law, that the plaintiff owns a copyright in The Official Baby Boomer Qualifying Exam, as registered with the U.S. Copyright Office. A copyright grants the owner exclusive rights to do any of the following: reproduce, distribute, perform, or display the copyrighted work. A copyright also grants the owner exclusive rights to create a new work that is based upon the copyrighted work. The new work is called a "derivative work." Because these rights are exclusive, if someone else takes one of these actions, they are said to have "infringed" the copyright. Plaintiff here alleges that each defendant has infringed plaintiff's copyright in The Official Baby Boomer Qualifying Exam.

**Elements of Direct Infringement**

Plaintiff contends that each defendant directly infringed plaintiff's copyright. To prove direct infringement of the copyright in a work as to a defendant, plaintiff must prove the following by a preponderance of the evidence:

1.      Plaintiff owns a valid copyright in the work (which the Court has already determined); and

2.      That the defendant copied original protected elements from the copyrighted work. I will explain each of these elements further.

### Copying -- Proof by Circumstantial Evidence of Similarity

Plaintiff claims that each defendant copied original matter from plaintiff's copyrighted work.

In addition to using other forms of circumstantial evidence, plaintiff may seek to prove copying by

pointing to similarities between plaintiff's and each defendant's work.  Plaintiff may seek to do this

in two ways: (1) by proving access and substantial similarity, or (2) by proving striking similarity.

I will explain these alternatives further.

## Copying -- Indirect Evidence: Access and Probative Similarity

Plaintiff may seek to prove copying indirectly as to a defendant by proving both of the following by a preponderance of the evidence:

1.      The defendant had access to plaintiff's copyrighted work; and

2.      There are similarities between the defendant's work and plaintiff's work that, given all the circumstances, make it more likely than not that the defendant copied parts of the defendant's work from plaintiff's work. This is called "substantial similarity." A defendant had access to plaintiff's work if defendant had a reasonable opportunity to view plaintiff's work.

You may consider any evidence that is relevant to determine whether plaintiff has proved both these elements by a preponderance of the evidence.

10

## Copying -- Indirect Evidence: Striking Similarity

Plaintiff may also try to prove copying as to a defendant by presenting evidence that there is a striking similarity between his work and that defendant's work.

Striking similarity exists when the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.

In order for plaintiff to prove copying in this way, plaintiff must convince you by a preponderance of the evidence that an element or combination of elements found in both works, whether or not they are protected matter, would not exist in the defendant's work unless defendant had copied it from plaintiff's work. The fact that certain elements are present in both plaintiff's and defendant's work might not imply that copying was involved if the same elements are also found in numerous other works. But in the absence of that or another plausible explanation, the similarities may lead you to conclude that the elements must have been copied. You may consider whether the two works contain the same mistakes, idiosyncrasies or other unexpected matter in determining whether the similarities are so striking that defendant must have copied from plaintiff.

Similarities that are obvious are not necessarily striking. If other circumstances are such that obvious similarities do not cause you to infer copying, the similarities are not "striking" and should not cause you to infer copying.

Proving striking similarity is an alternative to proving access and substantial similarity. The degree or nature of the similarity required for striking similarity is therefore greater than the similarity required for substantial similarity, because a finding of striking similarity permits you to conclude that there has been copying even if there has been no proof that defendant had access to

plaintiff's work. Of course, if a defendant proves by a preponderance of the evidence that it/she in fact had no access to plaintiff's work, either direct or indirect, that defendant could not have copied from it, and you should find for that defendant.

If you find that a defendant's work is strikingly similar to plaintiff's, the defendant has the burden of proving by a preponderance of the evidence that, despite the striking similarity, that defendant created the work independently. If a defendant fails to meet that burden, you should conclude that the defendant copied from plaintiff's work and therefore that plaintiff has proven this element of infringement as to that defendant.

## Exclusive Rights

A copyright in a work grants to the owner of the copyright certain specified exclusive rights. In this case, the plaintiff asserts that the each defendant infringed his copyright by:

1.     Making copies of the copyrighted work; or

2.     Distributing copies of the work to the public.

In order to prove infringement as to a defendant, plaintiff must prove by a preponderance of the evidence that the defendant has violated at least one of these exclusive rights.

**Ownership Through Authorship in a Compilation**

Plaintiff claims ownership by asserting that he authored a compilation. A compilation is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. In an action for copyright infringement, the owner of a compilation may enforce the owner's exclusive rights in the copyrighted compilation.

### Elements of a Literary Work

A literary work consists of both literal and non-literal elements. The literal elements are the text of the work. The non-literal elements are the ideas, stories, facts, and other content expressed by the text and the organization of that content.

### Protected and Unprotected Matter

Copyright protection does not extend to all the elements of a copyrighted work. Elements to which copyright protection extends are called "protected matter," and other elements are "unprotected matter." Unprotected matter is not entitled to copyright protection and therefore may be copied by another author.

Usually the literal text of a work is protected matter, but there are some circumstances in which it is unprotected. The non-literal elements of a work may, depending on the circumstances, be protected or unprotected matter.

## Types of Unprotected Matter

There are various types of unprotected matter.  They include:

1.      A portion of a work that is not original to the author;

2.      A portion of the work that is in the public domain; and

3.      An idea, concept, fact, or actual event described in a work.

## Scope of Protection for Factual Works

Plaintiff claims that defendants infringed his copyright in a factual work. Copyright protection does not extend to the ideas in a factual work or to the facts and events described in the work. Therefore, the copyright in a factual work protects the means of expression of the facts and events recounted, but it does not prohibit another author from recounting, in another way, the same facts and events. Since an account of those facts and events might, if the work were a fictional work, be a story protected by copyright, copyright protection will ordinarily extend to less material in a factual work than it would if the same work were a work of fiction.

### Sufficiency of Copying

If you conclude that plaintiff has proven, whether by direct or circumstantial evidence, that a defendant has copied matter from plaintiff's work, you must then determine whether the matter copied is sufficient to constitute infringement. You should find infringement if the matter copied from plaintiff's work, as viewed by an ordinary reasonable observer, includes substantial protected matter. You should not find infringement because of the copying of unprotected matter, such as ideas. You should find infringement only if an ordinary reasonable observer would find that the protected matter copied from plaintiff's work is substantial.

Substantiality is determined by considering both the amount, or quantity, and the significance, or quality, of the protected matter copied by a defendant. You should not find infringement if only a small amount of relatively unimportant protected matter has been copied. However, the significance of the copied protected matter to plaintiff's work may outweigh the fact that not a large amount of material has been copied. Because the organization of the matter in a work may itself be protected, in determining whether substantial protected matter has been copied, you may take into account similarities or dissimilarities in the organization of protected matter that has been copied.

Substantiality is not determined simply by the percentage of plaintiff's work that a defendant copied. In order for you to find infringement it is not necessary to find that a large fraction of plaintiff's work was copied. Similarly, substantiality is not determined by the percentage of defendant's work that was not copied.

19

### Irrelevance of Intent

For purposes of determining whether defendants *directly* infringed plaintiff's copyright, you are not to consider whether defendants intended to infringe the copyright. An unintentional infringement is an infringement nonetheless. In other words, for you to find direct infringement, it is not necessary to find that defendants intended the infringement.

## Contributory Infringement

Plaintiff contends that each defendant has engaged in contributory infringement of plaintiff's copyright. One infringes contributorily by intentionally inducing or encouraging direct infringement. Contributory infringement is a distinct claim from direct infringement. To prove contributory infringement as to a defendant, plaintiff must prove the following three elements by a preponderance of the evidence:

1.      Another party in this case directly infringed plaintiff's copyright;

2.      The defendant knew or should have known that the other person's activity was infringing; and

3.      The defendant induced, caused, or materially contributed to the infringing activity of the alleged direct infringer.

If plaintiff fails to prove any of these elements as to a defendant, you should find for that defendant as to contributory infringement.

**Vicarious Liability**

Plaintiff contends that Ms. Linders is vicariously liable by virtue of profiting from the direct infringement of another, while declining to exercise a right to stop or limit it.  To prove vicarious liability as to a defendant, plaintiff must prove the following three elements by a preponderance of the evidence:

1.      Another party directly infringed plaintiff's copyright;

2.      The defendant profited directly from or had a financial interest in the infringing activities of one who directly infringed; and

3.      The defendant had the right and ability to supervise or control the infringing activities of the alleged direct infringer, even if the defendant initially lacks knowledge of the infringement.

If plaintiff fails to prove any of these elements as to Ms. Linders, you should find for her as to vicarious liability.

**Affirmative Defenses**

Defendants have asserted affirmative defenses to plaintiff's claim of copyright infringement:

license, estoppel, waiver and consent, acquiescence and fair use.

**License**

Defendants assert that plaintiff gave a license to use the copyrighted work. The burden is on defendants to prove the existence of a license by a preponderance of the evidence. If defendants satisfy this burden, or the existence of a license is uncontested, then in order for plaintiff to prevail, plaintiff must prove by a preponderance of the evidence that defendants' copying was not authorized by the license.

## Estoppel

Defendants claim they are not liable for copyright infringement because plaintiff, by his actions, is estopped from seeking relief from defendants.  A defendant is not liable for copyright infringement if (1) the plaintiff knew the fact of the infringement, (2) the plaintiff intended his conduct to be acted upon by that defendant or the plaintiff acted in such a way that the alleged infringing defendant had a right to believe it was so intended, (3) that alleged infringing defendant is ignorant of the true facts, and (4) that alleged infringing defendant relies on the plaintiff's conduct to her or its detriment.

The defendants have the burden to prove by a preponderance of the evidence that plaintiff is estopped from recovering for copyright infringement.  If you find that a defendant has satisfied this burden, then you must find in favor of such defendant on the claim of copyright infringement and against the plaintiff.

## Waiver and Consent

Defendants claim that they are not liable for copyright infringement because plaintiff's copyright infringement claim is barred by waiver.   Waiver is the intentional and voluntary relinquishment of a known right or privilege.  To be effective, plaintiff's waiver must have been made with knowledge of the existence of his rights, and with the intent to waive those rights.

The defendants have the burden to prove by a preponderance of the evidence that plaintiff's claim is barred by waiver.  If you find that a defendant has satisfied this burden, then you must find in favor of such defendant on the claim of copyright infringement.

## Acquiescence

Defendants claim they are not liable for copyright infringement under the doctrine of acquiescence. A defendant is not liable for copyright infringement if (1) plaintiff actively represented that he would not assert a right or a claim, (2) the delay between the active representation and assertion of the right or claim was not excusable, and (3) the delay caused the defendant undue prejudice.

The defendants have the burden to prove acquiescence by a preponderance of the evidence. If you find that a defendant has satisfied this burden, then you must find in favor of such defendant on the claim of copyright infringement.

## Fair Use

Defendants claim that their use of plaintiff's work is not copyright infringement because their use qualifies as "fair use." Defendants have the burden of proving fair use by a preponderance of the evidence.

Under certain circumstances, the doctrine of fair use permits a person to use copyrighted material without the permission of the copyright owner. The purpose of the fair use doctrine is to permit limited copying from copyrighted works in specific circumstances that authors reasonably expect and that allow productive use of the work without unfairly undermining the protection afforded by copyright law. Fair use can include, but is not limited to, uses such as news reporting, parody, review, comment, criticism, teaching, research, comparative advertising, or reverse engineering.

To determine whether a defendant's use qualifies as "fair use," you must consider four specific factors, although you may, as I will instruct you shortly, also consider additional factors. The four specific factors you are required to consider are:

1.      The purpose and character of the use;

2.      The nature of plaintiff's work;

3.      The amount and substantiality of the portion of plaintiff's work used; and

4.      The effect of defendants' use on the market for, or value of, plaintiff's work.

You must consider each of the factors I have just identified to determine whether or not defendant has carried their burden of proving that their use of plaintiff's copyrighted work is fair use. No one of these factors is determinative of the issue of fair use by itself. Some factors may weigh in favor of finding fair use and some may weigh against a finding of fair use. In addition, each factor

is not always entitled to equal weight. Rather, each factor should be given weight according to how heavily you find it weighs in favor of, or against, a finding of fair use. This is not a counting exercise, where three factors in favor of fair use always outweigh one factor against fair use.

Moreover, these are not the only factors that you may consider when deciding whether a defendant's use was fair. In deciding whether to consider any other factors, you should be guided by the policy underlying the fair use doctrine, which is to permit limited copying from copyrighted works in specific circumstances that authors reasonably expect and that allow productive use of the work without unfairly undermining the protection afforded by copyright law.

To find fair use you must determine that a defendant has met their burden of proving by a preponderance of the evidence that, as a whole, the factors in favor of finding fair use outweigh the factors against such a finding.

### Damages

If you find that the plaintiff has proven each element of his copyright infringement claim by a preponderance of the evidence as to a particular defendant and that that defendant has not proven any of the defenses to plaintiff's copyright infringement claim, then you shall consider the issue of damages.

The Court has determined as a matter of law that the plaintiff has not suffered any actual damages. Nevertheless, your task is to determine if plaintiff is entitled to recover any of a particular defendant's profits that are attributable to the infringement, if any.

In establishing the amount of a defendant's profits, plaintiff is required to present proof only of that defendant's gross revenue and that there is some reasonable relationship, either direct or indirect, between those revenues and the infringement. Once these two elements are established, the burden of proof then shifts to that defendant to reduce this amount. The defendant must then prove, by a preponderance of evidence, the amount of her/its deductible expenses, and other elements of profit attributable to factors other than the infringement.

In other words, you are to calculate the profits attributable to the infringement, if you find any, as that defendant's gross revenues proven by plaintiff, less the costs and other elements that the defendant proves are related to factors other than infringement. Such costs and other deductible amounts may include, for example, a reasonable portion of overhead expenses such as rent, marketing, and other business costs that are related to the production of the infringing product.

The purpose of the law regarding damages is to provide just compensation for the wrong, not to impose a penalty by giving to the copyright owner the profits which are not attributable to the infringement.

## Duty to Deliberate
## Only Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson**
**Explanation of Verdict Form**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.