**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN J. THORNTON,
(d/b/a Baby Boomer Headquarters)
an individual

Plaintiff,

vs.

CASE NO.: 8:06-cv-01640

J. JARGON CO.,
a Florida Corporation,
JEANETTE C. LINDERS, an individual, and
TOC Productions, Inc., a Florida Corporation

Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO SEAL PORTIONS OF OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES [DKT. 198] AND DECLARATION OF MICHAEL J. COLITZ III [DKT. 199]**

Defendants J. Jargon Co., Jeannette C. Linders, and TOC Productions, Inc. (collectively, "Defendants"), pursuant to Local Rules 1.09(a), hereby move the Court to seal Plaintiff's Opposition to Defendants' Motion for Attorney's Fees and Full Costs and Memorandum of Law in Support [Dkt.198] and the Declaration of Michael J. Colitz III in Support of Plaintiff's Opposition to Motion for Attorney's Fees and Costs [Dkt. 199] until such time as the clerk would otherwise order such exhibits removed or destroyed pursuant to Local Rule 5.04(c)(3). Attached hereto are proposed redacted versions of Dkt. 198 (exhibit A hereto) and Dkt. 199 (exhibit B hereto) that omit the confidential information for completeness of the record.

## BACKGROUND

Defendant Linders is the author of a highly successful theatrical production entitled *Menopause the Musical* ("the Musical"). Defendants, J. Jargon Co. and TOC Productions, Inc. are private companies. In this copyright infringement action, Plaintiff, John Thornton, ("Thornton") alleged that the free program distributed at some productions of the Musical included a simple, fact intensive "Baby Boomer Qualifying Exam" to which he claimed authorship. After a full trial on the merits, a jury found that the Defendants did not infringe the original elements of Plaintiff's work. [Dkt. 184], and judgment was entered in favor of Defendants [Dkt. 186]. As prevailing defendants, the Defendants sought an award of their reasonable attorney's fees pursuant to 17 U.S.C. § 505 [Dkt. 192]. In opposing Defendants' motion for attorney's fees, counsel for Plaintiff filed a declaration detailing an incomplete and incorrect summary of the parties' confidential settlement negotiations, from the inception of case through trial, without any regard to the confidential nature of the settlement discussions.[1] [Dkt. 199].

In conjunction with discovery motions practice, Defendant Linders testified that she treats her financial information as highly confidential and does not generally disclose it to third parties. Declaration of Jeanette C. Linders at ¶ 8 [Dkt. 47].

## ARGUMENT

In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, the Eleventh Circuit requires district courts to consider "among other factors, whether allowing access would impair court functions or

[1] In a separate Motion filed herewith, Defendants seek leave to respond to the misstatements and to otherwise reply to the issues raised in Plaintiff's Opposition [Dkt. 198].

harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* The less the information is central to the merits of the case, the weaker is the public's right to access the information. *Id.*

Here, the balance tips in favor of maintaining Defendants' confidentiality as to the monetary terms discussed during settlement negotiations.[2] The parties agreed that the settlement negotiations were confidential and made pursuant to Federal Rule of Evidence 408. Wolfe Decl. ¶ 2. Even if they had not so agreed, Federal Rule of Evidence 408 was enacted specifically to ensure that settlement discussions are to be deemed confidential and inadmissible whether or not the parties expressly so qualified the statements. *Ramada Development Corp. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)(discussing history of rule 408). Plaintiff

The information at stake does not concern public officials or issues of great public importance. However, release of Defendants' settlement discussions and the potential monetary terms for which Defendants were willing to settle this litigation harms their legitimate privacy interests in maintaining the confidentiality of their finances and could give

[2] Although Plaintiff has clearly waived any right to confidentiality as to all aspects of the settlement negotiations, Defendants have never agreed to waive and do not waive confidentiality as to the monetary terms of settlement discussed by the parties.

a competitive advantage to persons and businesses with whom the Defendants conduct business or may litigate against in the future. *See, e.g., Ramada Worldwide Inc. v. AB Associates Midland Management*, No. 8:07-CV-1459-T-27EAJ, 2007 WL 3284047 at *1 (M.D. Fla. 2007)(ordering that defendant's financial information be filed under seal to protect defendants' privacy); *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 90 (11th Cir. 1989)(holding that privacy interest in personal financial records provided good cause for protective order limiting disclosure of financial records).

Moreover, the declaration and portion of the opposition memorandum sought to be sealed is not central to the merits of the case. To the contrary, the information about settlement amounts is likely inadmissible for the purposes it was proffered pursuant to Federal Rule of Evidence 408. Specifically, FRE 408 specifically makes inadmissible "conduct or statements made in compromise negotiations" when such statements are "offered to prove liability for, invalidity of, *or amount of a claim* that was disputed as to validity or amount" (emphasis added).[3] Yet the Opposition attempts to use the settlement amounts discussed by the parties at various stages of the litigation as evidence of the amount of money involved in the dispute, in direct contradiction of Rule 408. See Dkt. 198 at 17 (erroneously stating that "the parties agreed the case was valued at" a certain confidential settlement amount).

---

[3] Federal Rule of Evidence 408 was amended effective December 1, 2008. The relevant portions were not significantly substantively changed.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that counsel for Defendants has conferred with counsel for Plaintiff in an effort to resolve or narrow the issues presented in this Motion. Plaintiff opposes this Motion.

## CONCLUSION

WHEREFORE, Defendants J. Jargon Co., Jeanette C. Linders, and TOC Productions, Inc., therefore request the Court to seal Plaintiff's Declaration of Michael J. Colitz III in Support of Plaintiff's Opposition to Motion for Attorney's Fees and Costs [Dkt. 199] and Opposition to Defendants' Motion for Attorney's Fees and Full Costs and Memorandum of Law in Support [Dkt.198] until such time as the clerk would otherwise order such exhibits removed or destroyed pursuant to Local Rule 5.04(c)(3) and place in the public record in their stead the redacted versions of those documents attached hereto.

Dated: December 30, 2008 By: */s/ G. Donovan Conwell, Jr.*

G. Donovan Conwell, Jr.
Florida Bar No: 371319
G. Wrede Kirkpatrick
Florida Bar No: 984116
Dineen Pashoukos Wasylik
Florida Bar No: 0191620
CONWELL KIRKPATRICK, P.A.
2701 N. Rocky Point Drive, Suite 1200
Tampa, Florida 33607
(813) 282-8000; (813) 282-8800 Facsimile
dconwell@ckbusinesslaw.com
wkirkpatrick@ckbusinesslaw.com
dwasylik@ckbusinesslaw.com
Counsel for Defendant
TOC Productions, Inc.

Richard C. Wolfe
Florida Bar No. 355607
Mark Goldstein
Florida Bar No: 882186
Wolfe & Goldstein, P.A.
100 SE Second Avenue, Suite 3300
Miami, FL 33131
(305) 381-7115; (305) 381-7116 Fax
rwolfe@wolfelawmiami.com
mgoldstein@wolfelawmiami.com
Counsel for Defendants
Jeanette C. Linders and J. Jargon Co.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**William F. Hamilton, Esq.**
william.hamilton@hklaw.com,
**Stefan V. Stein, Esq.**
stefan.stein@hklaw.com,
**Michael J. Colitz, III, Esq.**
michael.colitz@hklaw.com,
**Woodrow H. Pollack, Esq.**
woodrow.pollack@hlaw.com
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602.

*/s/ G. Donovan Conwell, Jr.*
Attorney