UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. THORNTON (d/b/a Baby Boomer
Headquarters), an individual,

    Plaintiff,

vs.                                                    Case No. 8:06-cv-1640-T-27TGW

J JARGON CO., a Florida corporation, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial (Dkt. 189), to which Defendants have responded in opposition (Dkt. 191). Upon consideration, Plaintiff's motion is DENIED.

### *Background*

In this action for copyright infringement, brought pursuant to 17 U.S.C. §§ 101, *et seq.*, Plaintiff alleged that theater programs for "Menopause the Musical" contained a one-page "Take the Age Test" ("Age Test") that was an unauthorized reproduction of Plaintiff's copyrighted work, "The Official Baby Boomer Qualifying Exam" ("BBQE"). Following a six-day jury trial, the jury returned a verdict for Defendants, finding no direct copyright infringement and no contributory copyright infringement. (Dkt. 184).

In the instant motion, Plaintiff renews his motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) on the issue that no reasonable juror could find for Defendants on Plaintiff's claim for direct copyright infringement, and requests a new trial pursuant to Fed. R. Civ. P. 59 on Defendants' defenses and damages. Plaintiff also moves for a new trial based on the Court's refusal

1

to issue a supplemental jury instruction in response to a jury question regarding the retroactive application of Plaintiff's copyright. As set forth, the motions are denied.

### *Standard*

Judgment as a matter of law is appropriate when a party has been fully heard on an issue and a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1177 (11th Cir. 2005). "The nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1308 (11th Cir. 1998) (internal quotations omitted). There must be a "substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions" in order to deny the motion. *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1347 n.5 (11th Cir. 2007); *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000). In ruling on a Rule 50 motion, the court must "consider all the evidence in the light most favorable to the nonmoving party." *Johnson Enters. of Jacksonville, Inc.*, 162 F.3d at 1308.

Pursuant to Rule 59, a court may grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Recognized grounds for a new trial include the claim that there were substantial errors in admission or rejection of evidence or instructions to the jury. *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1081 (11th Cir. 2003); *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Resolution of a motion for a new trial is committed to the discretion of the trial court. *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

*Discussion*

*1.    Judgment as a matter of law on direct infringement*

In order to prevail on the claim for direct copyright infringement, Plaintiff was required to establish two elements by a preponderance of the evidence: (1) that he owns a valid copyright in the BBQE; and (2) that Defendants copied constituent elements of the BBQE that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002). In this case, the Court instructed the jury that the first element was met as a matter of law. (Dkt. 183 at 8). In cases is which there is no direct evidence of copying, a plaintiff may prevail on the second element by demonstrating that: (1) the defendant had access to the plaintiff's work; and (2) the defendant's work is "substantially similar" to the plaintiff's protected expression. *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994). Plaintiff may also prevail by showing "striking similarity," which requires a greater showing of similarity than substantial similarity. (Dkt. 183 at 11).

Substantial similarity between two works is demonstrated when "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1266 (11th Cir. 2001). In the case of a factual compilation, the substantial similarly requirement involves a narrowed construction: because the components of the compilation are frequently already in the public domain, "[w]hat must be shown is substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed compilation." *BellSouth Adver. & Publ'g Corp. v. Donnelley Info. Publ'g, Inc.*, 999 F.2d 1436, 1445, 1145 n.22 (11th Cir. 1993). Therefore, "[w]hile the works need not be identical, there must be sufficient congruence between the original elements

3

of the copyrighted work and the copied work such that a jury could find infringement." *BUC Int'l Corp.*, 489 F.3d at 1148.

As this Court noted in the July 8, 2008 Order on the parties' cross-motions for summary judgment, the Age Test does not contain Plaintiff's five introductory paragraphs, it excludes five of the BBQE questions (BBQE questions 10, 15, 20, 28, and 29), and it removes some of Plaintiff's original material from four of the BBQE questions (Age Test questions 1, 2, 21, 22). In addition, as Defendants note, the Age Test has a different title and includes answers to the questions, which the BBQE does not. Finally, a majority of the BBQE questions contain non-original material, such as quotations from movies, television shows, and advertising jingles, which is not original to Plaintiff.

Accordingly, Defendants presented a substantial conflict in evidence sufficient for the jury to find that the Age Test was not substantially similar or strikingly similar to the BBQE. The renewed motion for judgment as a matter of law and motion for new trial on this issue are therefore denied.

## 2. *Refusal to instruct on retroactive application of copyright*

During their deliberations, the jury asked the Court the following question: "Is copyright retroactive from date of application? Should it matter?" Plaintiff requested that the following answer be given: "[C]opyright protection comes into existence the day that it's authored and that registration is merely a formality." The Court declined to issue a supplemental instruction and instead referred the jury to the Court's Jury Instructions.

"Once a jury makes known its difficulty, it is the duty of the judge to be responsive to the difficulty, and the court is required to give such supplemental instructions as may be necessary."

4

*Johns v. Jarrard*, 927 F.2d 551, 554 (11th Cir. 1991) (internal quotations and brackets omitted). "The proper standard of review on jury instructions is to view the challenged instructions as part of the entire charge, in view of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues." *Nat'l Distillers and Chem. Corp. v. Brad's Mach. Prods., Inc.*, 666 F.2d 492, 497-98 (11th Cir. 1982) (internal quotations omitted).

In the instant motion, Plaintiff argues that because Defendants distributed the Age Test in theater programs before Plaintiff registered his copyright, the jury erroneously thought that Plaintiff's copyright was not protected at the time of the alleged infringement. However, the Court's Jury Instructions implicitly answered the jury's question because the instructions provided: "The Court has determined, as a matter of law, that the plaintiff owns a copyright in [the BBQE], as registered with the U.S. Copyright Office." (Dkt. 183 at 7). In addition, in stating the two elements of direct infringement, the Court instructed the jury: "[First element] Plaintiff owns a valid copyright in the work (which the Court has already determined)." This left for the jury's consideration only the second element of whether Defendants copied constituent elements of the BBQE that were original. As discussed, there was sufficient evidence supporting the jury's finding that Plaitniff did not meet his burden on this element.

The "extent and character of additional instructions is within the sound discretion of the trial court" and "the judge may sometimes simply refer the jury back to his earlier instructions." *United States v. Mejia*, 82 F.3d 1032, 1037 (11th Cir. 1996). For the above stated reasons, the Court denies Plaintiff's motion for a new trial based on the failure to issue a supplemental instruction on the retroactivity of Plaintiff's copyright.

To the extent Plaintiff argues that this Court should have given Plaintiff's Proposed Jury Instruction No. 1,[1] pursuant to Rule 51 of the Federal Rule of Civil Procedure, a party objecting to an instruction must do so on the record and may assign as error only those errors to which the party properly objected. Fed. R. Civ. P. 51(c)-(d). "This rule exists 'to prevent unnecessary new trials because of errors the judge might have corrected if they had been brought to his attention at the proper time." *Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1288 (11th Cir. 2002) (quoting *Pate v. Seaboard R.R.*, 819 F.2d 1074, 1082 (11th Cir.1987)). The only exception to this rule is when there is plain error affecting substantial rights. Fed. R. Civ. P. 51(d). For the reasons set forth, the omission of Plaintiff's Proposed Jury Instruction No. 1 did not affect Plaintiff's substantial rights, as the jury was instructed that Plaintiff had held a valid copyright, as a matter of law.

*Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial (Dkt. 189) is **DENIED.**

**DONE AND ORDERED** in chambers this 9th day of April, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] Plaintiff's Proposed Jury Instruction No. 1 included the following passage:
How Copyright is Obtained
When an author creates material, it is automatically copyrighted even though the author did not register the copyright with the Copyright Office. The author must only register the copyright with the Copyright Office when he files a lawsuit for copyright infringement.
In this case, Mr. Thornton automatically copyrighted his Baby Boomer Qualifying Exam when he created it. He obtained a Certificate of Copyright Registration on his Baby Boomer Qualifying Exam immediately before filing this lawsuit against Ms. Linders and her companies for copyright infringement.
(Dkt. 153 at 3).